CITY OF AKRON, Appellee,

v.

FRAZIER et al., Appellants,

[Cite as *Akron v. Frazier* (2001), 142 Ohio App.3d 718.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 20246.

Decided May 9, 2001.

*Doug J. Powley,* Akron City Prosecutor, and *Gerald Larson,* Assistant City Prosecutor, for appellee.

*Ned C. Gold, Jr.,* for appellant David Frazier.

*S. David Worhatch,* for appellants Joseph and Catherine Basile.

---

CARR, Judge.

Appellants, David Frazier and Joseph and Catherine Basile, have appealed the judgment of the Akron Municipal Court denying their joint motion to unseal an official criminal record. This court reverses.

I

In 1998, the Akron Police Department received a complaint against David Frazier from Joseph and Catherine Basile. Frazier was arrested, charged, and convicted as a result of the complaint, but subsequently all official records pertaining to the case were sealed by the Akron Municipal Court.

Based on the criminal action, Frazier and his wife brought a civil cause of action against the Basiles, asserting a variety of causes of action and, in particular, malicious prosecution. For discovery purposes, Frazier and the Basiles filed a joint motion to have the criminal file unsealed. The trial judge granted the motion to unseal the criminal record. However, the trial judge later, *sua sponte,* vacated the judgment and ordered the criminal record to be resealed. This appeal followed.

II

Appellants assert four assignments of error. This court will address them collectively as they concern similar issues of law and fact.

### First Assignment of Error

"The trial court erred in not applying the exception found in [R.C.] 2953.53(D)(1) to allow the defendant [in] a criminal action and the prosecuting witnesses named by him in their joint written application to gain access to the sealed record of that criminal action."

### Second Assignment of Error

"The trial court erred in failing to allow access to the sealed record of a criminal action for the limited purpose of allowing the parties to conduct discovery in a subsequent civil action for malicious prosecution and other torts arising directly out of the prosecution of that criminal action."

### Third Assignment of Error

"The trial court erred in failing to recognize a public policy exception to the provisions of Ohio law respecting the sealing of the record in a criminal action to allow access for the limited purpose of conducting discovery in a subsequent civil action arising directly out of the prosecution of that criminal action."

### Fourth Assignment of Error

"The trial court erred in determining that the statutory requirements for filing a written application to seal the record in this criminal action were followed by defendant."

In their assignments of error, appellants aver that the trial court erred in denying appellants' joint motion to unseal an official criminal record. This court agrees.

■■■■■ Appellants' argument relies upon the interpretation and application of R.C. 2953.53(D). An appellate court's review of the interpretation and application of a statute is *de novo. State v. Sufronko* (1995), 105 Ohio App.3d 504, 506, 664 N.E.2d 596, 597. Additionally, an appellate court does not give deference to a trial court's determination when making its review. *Id.* "In construing a statute, a court's paramount concern is the legislative intent in enacting the statute." *State v. S.R.* (1992), 63 Ohio St.3d 590, 594, 589 N.E.2d 1319, 1323. In order to determine the legislative intent, a court must first look to the statute's language. *Shover v. Cordis* (1991), 61 Ohio St.3d 213, 218, 574 N.E.2d 457, 461–462. "Whether a statute is mandatory or directory is to be ascertained from a consideration of the entire act, its nature, its object and the consequences which

would result from construing it one way or the other." *Schmidt v. Weather–Seal* (1943), 71 Ohio App. 387, 389, 26 O.O. 322, 323, 50 N.E.2d 362, 364. Additionally, particular provisions of a statute may be discretionary, while others may be mandatory. *Id.*

R.C. 2953.53(D) provides:

"Upon receiving a copy of an order to seal official records pursuant to division (A) or (B) of this section * * * a public office or agency shall comply with the order and, if applicable, with the provisions of section 2953.54 of the Revised Code, except that it may maintain a record of the case that is the subject of the order if the record is maintained for the purpose of compiling statistical data only and does not contain any reference to the person who is the subject of the case and the order.

■ "A public office or agency also may maintain an index of sealed official records * * * access to which may not be afforded to any person other than the person who has custody of the sealed official records. The sealed official records to which such an index pertains *shall not* be available to any person, *except* that the official records of a case that have been sealed *may* be made available to the following persons for the following purposes:

"(1) To the person who is the subject of the records upon written application, and to any other person named in the application, for any purpose;

"(2) To a law enforcement officer who was involved in the case, for use in the officer's defense of a civil action arising out of the officer's involvement in that case;

"(3) To a prosecuting attorney or his assistants to determine a defendant's eligibility to enter a pre-trial diversion program established pursuant to section 2935.36 of the Revised Code." (Emphasis added.)

■ The statute clearly dictates for whom and under what conditions an official record may be unsealed. In this case, Frazier and the Basiles requested that Frazier's criminal record be unsealed for discovery purposes to provide assistance in a subsequently filed civil lawsuit. Therefore, R.C. 2953.53(D)(1) is applicable, and it does not confer discretion upon a trial court when faced with a request to unseal an official record. As such, the trial court was required to unseal the record as requested by appellants.

In R.C. 2953.53(D) the words "may" and "shall" are used throughout. Although the legislature utilized both "may" and "shall" in the same provision, this usage does not eliminate the mandatory nature of the statute.

■ "The literal meaning of the words 'may' and 'shall' is not always conclusive in the construction of statutes in which they are employed; and one should be

regarded as having the meaning of the other when that is required to give effect to other language found in the statute, or to carry out the purpose of the legislature as it may appear from a general view of the statute under construction." *State ex rel. Myers v. Bd. of Edn.* (1917), 95 Ohio St. 367, 116 N.E. 516, at paragraph one of the syllabus.

In reading R.C. 2953.53, it is clear that the legislature did not want "any person" to have access to sealed official records; however, the legislature did provide an exception to this prohibition. The exception outlined the persons who are entitled to have access to sealed official records. Therefore, reading the statute as a whole, it is clear that the legislature wanted those persons, as in R.C. 2953.53(D)(1), (2), and (3), to have access to official sealed records. Thus, in order to effectuate the legislature's intent, R.C. 2953.53(D) must be read as mandatory in nature. Accordingly, appellants' assignments of error are sustained.

### III

The judgment of the Akron Municipal Court is reversed.

*Judgment reversed.*

BATCHELDER, P.J., concurs.

SLABY, J., dissents.

SLABY, Judge, dissenting.

I respectfully dissent. The majority holds that R.C. 2953.53(D)(1) mandates that a trial court unseal a defendant's sealed record, simply because the defendant requests it to do so. However, the unambiguous language of R.C. 2953.53(D)(1) gives the court the discretion to determine whether sealed records may be unsealed upon such a request. Therefore, because the trial court did not abuse its discretion when it denied appellants' motion to unseal the records, I would affirm the decision of the lower court.

The trial court's decision to unseal an official record is a matter of judicial discretion. Accordingly, the standard of review in this case is whether the trial court abused its discretion in denying appellants' motion. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." *Pons v. Ohio State Med. Bd.* (1993), 66 Ohio St.3d 619, 621, 614 N.E.2d 748, 751. When applying the abuse-of-discretion standard, an appellate court may not substitute its judgment for that of the trial court. *Id.*

Pursuant to R.C. 1.42, words and phrases in Ohio statutes are to be construed "according to the rules of grammar and common usage." R.C. 1.42. Plain and unambiguous language may not be ignored, regardless of the policy implications. *State v. Rowe* (1997), 118 Ohio App.3d 121, 125, 691 N.E.2d 1140, 1142, citing *Pike–Delta–York Local School Dist. Bd. of Edn. v. Fulton Cty. Budget Comm.* (1975), 41 Ohio St.2d 147, 156, 70 O.O.2d 300, 305, 324 N.E.d 56, 571–572. The general rule of statutory construction provides that the word "may" should be construed as "optional, permissive, or discretionary," while the word "shall" should be construed as "mandatory." *Dorrian v. Scioto Conserv. Dist.* (1971), 27 Ohio St.2d 102, 107, 56 O.O.2d 58, 60–61, 271 N.E.2d 834, 837–838.

R.C. 2953.53(D) states:

"Upon receiving a copy of an order to seal official records pursuant to division (A) or (B) of this section * * * a public office or agency *shall* comply with the order and, if applicable, with the provisions of section 2953.54 of the Revised Code, except that it *may* maintain a record of the case that is the subject of the order if the record is maintained for the purpose of compiling statistical data only and does not contain any reference to the person who is the subject of the case and the order.

"A public office or agency also *may* maintain an index of sealed official records * * * access to which may not be afforded to any person other than the person who has custody of the sealed official records. The sealed official records to which such an index pertains *shall not* be available to any person, except that the official records of a case that have been sealed *may* be made available to the following persons for the following purposes:

"(1) To the person who is the subject of the records upon written application, and to any other person named in the application, for any purpose;

"(2) To a law enforcement officer who was involved in the case, for use in the officer's defense of a civil action arising out of the officer's involvement in that case;

"(3) To a prosecuting attorney or his assistants to determine a defendant's eligibility to enter a pretrial diversion program established pursuant to section 2935.36 of the Revised Code." (Emphasis added.)

The language used by the General Assembly in drafting the statute is straightforward and unambiguous. The statute sets forth the parties and respective conditions necessary to have an official record unsealed. Assuming those procedures are followed, the trial court is granted the ultimate discretion to determine whether an order unsealing the record would be appropriate. This is made clear . through the language chosen by the legislature: "the official records of a case that have been sealed *may* be made available to the following persons for the

following purposes." Thus, the grant of statutory discretion demonstrates that no right exists to have court records unsealed. The conclusion that the trial court retains discretion in granting relief when the conditions set forth in the statute have been met is further evidenced by the General Assembly's use of the words "may" and "shall" within the statute.

Absent evidence to the contrary, an appellate court must presume the regularity of the trial court's proceedings and judgment. *Wells v. Spirit Fabricating, Ltd.* (1996), 113 Ohio App.3d 282, 288–289, 680 N.E.2d 1046, 1049–1051. The record before us contains the trial court order denying the motion to unseal the records. Inasmuch as there was no request for findings of fact and conclusions of law, we are unable to fully determine the basis of the trial court's decision. Thus, this court must presume regularity of the lower court's order denying appellants' motion to unseal the record. Accordingly, I would affirm the decision of the trial court.