This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant/Cross-Appellee, Drew Alexander, Summit County Sheriff, appeals from the judgment of the Summit County Court of Common Pleas that granted the motion for an order of possession of Appellee/Cross-Appellant, 501(C)(3) Charity Consultants, Inc. Appellee cross-appeals from the trial court's denial of a monetary award. We reverse.
On April 20, 2001, Appellant obtained a search warrant for the premises of Lucky Lady Instant Bingo. During the search, Appellant seized, among other items, ten Treasure Quest electronic bingo machines, which are at issue in the instant appeal. Appellee owned these Treasure Quest electronic bingo machines. Therefore, on June 27, 2001, Appellee filed a complaint for replevin against Appellant and moved for an order of possession to direct Appellant to return the Treasure Quest electronic bingo machines. The trial court granted Appellee's motion. Appellant timely appeals, asserting two assignments of error, and Appellee cross-appeals, asserting one assignment of error. We will jointly address Appellant's second assignment of error and Appellee's cross-assignment of error.
 APPELLANT'S ASSIGNMENT OF ERROR I "The trial court erred to the prejudice of [Appellant] in holding that property seized pursuant to a properly executed search warrant was subject to the requirements of [R.C. 2933.43(C)]."
In his first assignment of error, Appellant avers that the trial court erred in finding that the ten Treasure Quest electronic bingo machines, seized pursuant to a valid search warrant, were subject to R.C. 2933.43. In particular, Appellant alleges that the trial court erroneously applied R.C. 2933.43 rather than R.C. 2933.41.
When reviewing whether a trial court correctly interpreted and applied a statute, an appellate court employs the de novo standard. See Akron v.Frazier (2001), 142 Ohio App.3d 718, 721, citing State v. Sufronko
(1995), 105 Ohio App.3d 504, 506. Thus, an appellate court does not give deference to the trial court's determination. Frazier,142 Ohio App.3d at 721. See, also, Tamarkin Co. v. Wheeler (1992), 81 Ohio App.3d 232, 234.
Upon a review of the trial court's judgment entry, we find that the trial court determined that Appellant unreasonably delayed filing a forfeiture petition and, consequently, must return the Treasure Quest electronic bingo machines or institute criminal charges. We are cognizant that the Supreme Court of Ohio has held that a forfeiture petition must be held within a reasonable time following a seizure pursuant to R.C.2933.43. State v. Baumholtz (1990), 50 Ohio St.3d 198, paragraph one of the syllabus. However, R.C. 2933.43 concerns seizures of suspected contraband and is inapplicable to the present case as there was no evidence presented that the Treasure Quest electronic bingo machines were, in fact, contraband. See R.C. 2933.43. See, also, Thomas v.Cleveland (2000), 140 Ohio App.3d 136, 144; State v. Porter (Mar. 22, 1995), 9th Dist. No. 16946, at 4. Nevertheless, there was evidence presented that the machines were seized pursuant to a valid search warrant and, as such, the applicable statute is R.C. 2933.41. See R.C.2933.41(A)(1) (addressing property seized pursuant to a search warrant).
In accordance with the statutory language of R.C. 2933.41, the State may retain property as long as it is "needed as evidence" and is not required to file a forfeiture petition to keep such property. R.C.2933.41(A)(1). Rather, when the property is no longer "needed as evidence," the State must dispose of the property according to the statutory provision, which may require returning the property to its rightful owner. See R.C. 2933.41(A) and (B). Therefore, a trial court should determine whether the retention of property as needed evidence is reasonable. To make such a determination, the court should consider factors such as (1) whether the law enforcement agency is conducting an ongoing criminal investigation; (2) the complexity of the investigation; (3) the number of defendants being investigated; (4) whether multiple jurisdictions or multiple law enforcement agencies are involved; and (5) the length of time the law enforcement agency has retained the property.
In the present case, the parties stipulated that Appellant seized the ten Treasure Quest electronic bingo machines on April 20, 2001, and was conducting an ongoing criminal investigation in regard to these machines. Thus, in applying the appropriate statute, we find that the trial court erred in granting Appellee's motion for an order of possession as the Treasure Quest electronic bingo machines were needed as evidence. Accordingly, Appellant's first assignment of error is sustained.
 APPELLANT'S ASSIGNMENT OF ERROR II "The trial court erred to the prejudice of [Appellant] in holding that a replevin action may be used to obtain property seized pursuant to a search warrant."
 APPELLEE'S CROSS-ASSIGNMENT OF ERROR "The trial court erred in treating the hearing on [Appellee's] motion for order of possession as the trial on the merits of all claims when R.C. 2737.07
limits the issues at a hearing thereunder."
In his second assignment of error, Appellant, relying on R.C. 2933.41, alleges that the trial court erred by granting Appellee's motion for possession during the pendency of a criminal investigation as the proper time to grant such a motion would be following the conclusion of the investigation. In Appellee's cross-assignment of error, it contends that the trial court erroneously addressed claims outside the statutory limitations of R.C. 2737.07. However, in light of our disposition in Appellant's assignment of error one, we need not address Appellant's second assignment of error or Appellee's cross-assignment of error as these assignments of error are rendered moot. See App.R. 12(A)(1)(c).
Appellant's first assignment of error is sustained and his second assignment of error and Appellee's cross-assignment of error are not addressed. The judgment of the Summit County Court of Common Pleas is reversed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee/Cross-Appellant.
Exceptions.
CARR, J., WHITMORE, J. CONCUR.