DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Candace Renae Hunter, appeals from the decision of the Lorain County Court of Common Pleas, Domestic Relations Division, which modified a previous Shared Parenting Plan. We affirm.
 {¶ 2} On October 23, 2000, Appellant and Appellee, Todd Bachman, agreed to a shared parenting plan for their two minor children. Appellant and Appellee further modified the shared parenting plan by agreement which was journalized on January 22, 2002. At that time, Appellant was named as residential parent for school purposes only and the parties agreed that they would "work together to attempt to equalize the parenting time between themselves." The entry also ordered Appellee to pay $450.00 per month in child support to Appellant.
 {¶ 3} The parties followed this parenting plan until June 2002 when both children moved in with Appellee at Appellant's request. Appellant continued to exercise parenting time with the children on every other weekend, Mondays, and sometimes Wednesdays. When the children went to stay with Appellant over Thanksgiving in 2002, however, Appellant refused to return the children to Appellee. She now asserts that the June through November parenting arrangement was actually a "trial period" and that the decision to have the children live with Appellee was not in the children's best interests. Following Thanksgiving, Appellant permitted Appellee to have visitation with the children only on every other weekend, and occasionally on Thursdays overnight.
 {¶ 4} Appellee filed a motion to modify the shared parenting plan on December 11, 2002. Appellee requested that the court designate him as the residential parent for school enrollment purposes only and modify the parenting schedule to "memorialize the parenting schedule the parties and the children have been following for the past six months." Following a hearing in June, 2003, the court granted Appellee's motion, designating him as residential parent for school enrollment purposes, adopting Appellee's shared parenting plan, and ordering Appellant to pay $325.00 per month in child support. Appellant timely appealed from that order, raising three assignments of error for our review.
 ASSIGNMENT OF ERROR I
"The Trial Court erred in failing to apply [R.C.] 3109.04(E)(1)(a) in reaching its decision."
 {¶ 5} In her first assignment of error, Appellant alleges that the trial court erred by failing to apply R.C.3109.04(E)(1)(a). Specifically, Appellant asserts that the court failed to make the requisite finding of a change in circumstances necessary under that section. Appellant further opines that R.C.3109.04(E)(2)(b), which the court applied to the case at bar, is inapplicable as the final court determination actually reallocated parental rights as opposed to merely modifying an existing shared parenting plan. We disagree.
 {¶ 6} When reviewing whether a trial court correctly interpreted and applied a statute, an appellate court employs the de novo standard as it presents a question of law. See Akron v.Frazier (2001), 142 Ohio App.3d 718, 721. Thus, an appellate court does not give deference to the trial court's determination. Id.
 {¶ 7} R.C. 3109.04(E)(2)(b) permits a court to modify a prior decree allocating parental rights and responsibilities only if it is in the best interest of the child and there has been a change in circumstances, either since the prior decree or due to factors not known by the court at the time of the prior decree. In order to modify the residential parent designated by the prior decree, the court must also find that the residential parent has consented or that the advantage to the child due to the change would outweigh any harm. R.C. 3109.04(E)(1)(a).
 {¶ 8} R.C. 3109.04 also permits modification of a shared parenting plan in other cases:
"In addition to a modification authorized under division (E)(1) of this section * * * [t]he court may modify the terms of the plan for shared parenting approved by the court and incorporated by it into the shared parenting decree * * * upon the request of one or both of the parents under the decree. Modifications under this division may be made at any time. The court shall not make any modification to the plan under this division, unless the modification is in the best interest of the children."
R.C. 3109.04(E)(2)(b).
The trial court in this case modified the shared parenting plan under R.C. 3109.04(E)(2)(b) and, therefore, stated that it need not find a change of circumstances.
 {¶ 9} This Court has previously recognized that multiple methods exist for a trial court to modify a shared parenting plan. Carr v. Carr (Aug. 11, 1999), 9th Dist. No. 2880-M, at 6. Not all changes to the plan must be made under R.C.3109.04(E)(1)(a), which requires a change in circumstances. Id. Where the modification to the plan does not involve reallocation of parental rights, the court may modify the plan based upon a finding that the change is in the best interests of the children under R.C. 3109.04(E)(2)(b). Porter v. Porter, 9th Dist. No. 21040, 2002-Ohio-6038, at ¶ 8.[1]
 {¶ 10} In this case, the court modified the shared parenting plan in three ways. First, it designated Appellee as the residential parent for school purposes. Second, the court adopted Appellee's suggested parenting plan which continued to imply equal parenting time, but specifically stated that, if the parties could not agree to certain times, Appellant would at theminimum have time with the children at least every other weekend and one day per week during the school year, and three weeks plus every other weekend during the summer. The plan further stated that the parties "shall strive to attempt to schedule more time during the week to optimize contact and parenting time." Finally, the court ordered Appellant to pay child support of $302 per month to Appellee, terminating the child support Appellee formerly paid to Appellant.
 {¶ 11} Reallocation of the residential parent for school purposes only is not a reallocation of parental rights. Porter
at ¶ 8. The modification of terms as to parenting time permitted with the children also is not a reallocation of parental rights. The plan continues to imply equalized parenting time, and does not, as Appellant insists, mandate that the children will only
spend time with her every other weekend and one night per week. Further, both parents retain their parental rights as residential parent and legal custodian during the times when the children are residing with them. The modification of child support recognizes that Appellee may have the children for greater periods of time than Appellant, and likewise does not modify either of the parties' rights as parents.
 {¶ 12} None of the modifications to the shared parenting plan actually reallocate parental rights as they do not change the status of each parent as residential parent and legal custodian. Accordingly, the court could properly modify the plan under R.C.3109.04(E)(2)(b), and did not need to find a change in circumstances. We overrule Appellant's first assignment of error.
 ASSIGNMENT OF ERROR II
"The Trial Court erred in failing to follow the dictates of [R.C.] 3109.04(E)(1)(a). In particular the section that says, `Unless it finds, based in facts that have arisen since the prior decree where they were unknown to the Court at the time of the final decree.'"
 {¶ 13} In her second assignment of error, Appellant contends that the trial court improperly considered evidence predating the prior shared parenting plan. As noted above, R.C.3109.04(E)(1)(a) is not applicable to the case at bar. Accordingly, any restrictions placed upon consideration of prior events under that section are inapplicable. We, therefore, overrule Appellant's second assignment of error.
 ASSIGNMENT OF ERROR III
"The Trial Court erred in its Findings of Fact, to the extent that its most important finding of fact that most detrimental to [Appellant] was not supported by the evidence and in fact is contradicted by other Findings of Fact."
 {¶ 14} In her final assignment of error, Appellant argues that an integral finding of fact made by the trial court was not supported by the evidence, and was actually contradicted by a second finding of fact made by the court. The court found that Appellant had unilaterally reduced Appellee's parenting time, yet also stated that neither parent had continuously or willfully denied the other parenting time. Appellant insists that these findings are inconsistent, and that no evidence supports the finding that she unilaterally reduced Appellee's parenting time. We find Appellant's contentions meritless.
 {¶ 15} A trial court's order modifying a shared parenting plan will not be reversed absent an abuse of discretion. Davisv. Flickinger (1997), 77 Ohio St.3d 415, paragraph one of the syllabus. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio StateMed. Bd. (1993), 66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
 {¶ 16} Undisputed evidence in this case shows that Appellant agreed to allow the children to live with Appellee on a regular basis from June 2002 through Thanksgiving that same year. During those months, Appellant spent parenting time with the children only every other weekend, every Wednesday, and occasionally on Mondays. The evidence further confirmed that Appellant, with no notice to Appellee and no discussion prior to her act, took the children on Thanksgiving for her customary parenting time, and refused to return them to Appellee. The evidence supports the court's finding that Appellant unilaterally reversed the parenting time, denying Appellee his customary schedule so that Appellee could only see his children every other weekend and, eventually, one day per week.
 {¶ 17} Further, the R.C. 3109.04(F)(1)(f) finding that Appellant unilaterally reduced the parenting time of Appellee is not inconsistent with the R.C. 3109.04(F)(1)(i) finding that neither party had continuously or willfully denied the other parenting time. While Appellant did unilaterally reduce Appellee's parenting time, she did not "continuously and willfully den[y] [Appellee's] right to parenting time inaccordance with an order of the court[.]" (Emphasis added.) See R.C. 3109.04(F)(1)(i). No definite court order existed in regard to what specific time each parent was entitled to have with the children. As such, Appellee could not continuously and willfully deny any right in accordance with an indefinite court order. The trial court's findings as to each of the factors under R.C.3109.04(F)(1), therefore, were not inconsistent.
 {¶ 18} After reviewing the record in this case, we find that the findings of the trial court are supported by the evidence and not inconsistent. Accordingly, we overrule Appellant's final assignment of error.
 {¶ 19} We overrule Appellant's assignments of error and affirm the judgment of the Lorain County Court of Common Pleas, Domestic Relations Division.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Carr, P.J., Boyle, J., concur.
[1] We recognize that other districts may require a court to modify a shared parenting plan under R.C. 3109.04(E)(1)(a) where the modification represents a substantial change from the original plan. See Bauer v. Bauer, 12th Dist. No. CA2002-10-083, 2003-Ohio-2552, at ¶ 13. However, we opt to follow other districts which do not distinguish between substantial and other changes. See Meyers v. Meyers, 153 Ohio App.3d 243,2003-Ohio-3552, at ¶ 34, 40; In re Beekman, 4th Dist. No. 03CA710, 2004-Ohio-1066, at ¶ 14.