**IN RE BARBERTON—NORTON MOSQUITO ABATEMENT DISTRICT.**

[Cite as *In re Barberton–Norton Mosquito Abatement Dist.*, 191 Ohio App.3d 763, 2010-Ohio-6494.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 25126.

Decided Dec. 30, 2010.

Donald S. Varian and Caryn L. Peterson, for appellant.

Irving B. Sugerman, for appellee.

CARR, Presiding Judge.

{¶ 1} Appellant, the Barberton–Norton Mosquito Abatement District, appeals the judgment of the Summit County Court of Common Pleas. This court affirms.

I

{¶ 2} On May 4, 2005, Joseph Harrison, on behalf of himself and 617 residents of Barberton and Norton, Ohio, filed a petition in the Summit County Court of Common Pleas for the creation of the Barberton–Norton Mosquito Abatement District. The petitioners requested that the abatement district encompass the territorial limits of the cities of Barberton and Norton, Ohio. On May 9, 2005, a notice of hearing on the formation of the abatement district was issued. The notice indicated that "[a]ll persons and public corporations owning or interested in real estate within the territory" would be given an opportunity to be heard at the hearing. No written objections were filed pursuant to R.C. 6115.08. On June 23, 2005, the abatement district was formed by judgment decree.

{¶ 3} On August 3, 2005, Dale Sungy, James Hrubik, and Terry Lawrence prepared a "Report of Board of Appraisers" for the abatement district. Sungy, Hrubik, and Lawrence were formally appointed to the board of appraisers on August 9, 2005. The report indicated that persons within the abatement district "will benefit by the mosquito control measures applied, by reducing the population of mosquitoes and protection from the potential of mosquito-borne disease such as West Nile Virus." The report did not include findings with respect to persons outside the abatement district. The trial court, by order dated January 30, 2006, found that no exceptions were filed pursuant to R.C. 6115.35, and approved the report.

{¶ 4} On December 18, 2007, Joseph Harrison, on behalf of the board of directors of the abatement district and numerous residents, filed a petition in the trial court to enlarge the abatement district pursuant to R.C. Chapter 6115 to include the territorial limits of the cities of New Franklin and Green, the villages of Clinton and Lakemore, and the townships of Copley, Coventry, and Springfield. This first petition for enlargement also sought to retain the current members of the board of appraisers and to change the name of the Barberton–Norton Mosquito Abatement District to the "Summit Mosquito Abatement District." A notice of hearing was issued to all persons and public corporations

owning real estate in the communities sought to be annexed. All seven of the communities, as well as numerous residents of those communities, filed objections to the expansion. After a hearing, the trial court issued a judgment entry dated May 15, 2008, dismissing the first petition for enlargement. In dismissing the petition, the trial court found that the reason for the petition was the abatement district's desire to expand rather than a public need for mosquito-control measures. The trial court specifically noted that "nearly everyone, except Joseph Harrison and the Barberton–Norton Health District, believes that the public health is being properly protected in each of the communities within the proposed expansion area." The court concluded that "there is no public necessity for the change and there is little evidence that [the abatement district's] services will be conducive to the public health, safety, comfort[,] convenience or welfare." The abatement district did not appeal the trial court's order dismissing the first petition for enlargement.

{¶ 5} On March 12, 2009, Joseph Harrison, on behalf of the board of directors of the abatement district, filed a second petition to enlarge the district. On the same day, Harrison, on behalf of the board of appraisers, filed the report of the board of appraisers. In the petition, the abatement district's board of appraisers and the board of directors petitioned for the enlargement of the district, pursuant to R.C. 6115.31 through 6115.35, to include the portions of Fairview and Homewood Avenue in Coventry Township. The second petition for enlargement stated that the board of appraisers had filed a notice of report of appraisers, which found that segments in the area to be annexed were already being benefited by the operation of the abatement district. The petitioners also requested that the name of the Barberton Norton Mosquito Abatement District be changed to the "Mosquito Abatement District." On August 26, 2009, a notice of hearing on appraisals and notice of enlargement of the district were filed. Coventry Township opposed the second petition for enlargement. A concurrent hearing on enlargement and appraisals was held on October 13, 2009. The trial court denied the petition in an order dated November 17, 2009. The trial court specifically noted that in order to consider enlargement under R.C. 6115.31 through 6115.35, it would have to circumvent the requirements of R.C. 6115.05. The trial court further found that the petitioners had "failed to establish that the proposed expansion is necessary for the public health, safety, comfort, convenience or welfare."

{¶ 6} On appeal, the abatement district raises three assignments of error.

## II

### Assignment of Error I

The trial court erred when it determined that R.C. 6115.31 does not provide a mechanism to enlarge an existing sanitary district.

## Assignment of Error II

The trial court erred by applying the wrong standard of review when it determined that the proposed expansion was not necessary for the public health, safety, comfort, convenience or welfare.

{¶ 7} In its first assignment of error, the abatement district argues that the trial court erred in determining that R.C. 6115.31 does not provide a mechanism to enlarge an existing sanitary district. In its second assignment of error, the abatement district argues that the trial court erred by applying the wrong standard of review in ruling on the second petition for enlargement. The court disagrees.

## JURISDICTION

{¶ 8} Coventry Township contends that the trial court order from which the abatement district appeals is not a final, appealable order. Upon the filing of the second petition to enlarge the abatement district, the township filed a motion to dismiss the petition on the basis of res judicata. In support of its motion, the township argued that the second petition to enlarge the abatement district was an "attempt to do in piecemeal fashion what it was unable to accomplish in the 2007 proceeding." In responding to the motion, the abatement district argued that "there is no prior lawsuit, there are no previous or subsequent actions; there is merely the instant special proceedings. Thus, res judicata does not apply." The abatement district also cited case law in support of the proposition that "[Civ.R.] 54(B) allows for a reconsideration or rehearing of interlocutory orders." On appeal, the township argues that because the abatement district took the position that the order dismissing the first petition for enlargement was interlocutory, the abatement district is precluded under the doctrine of judicial estoppel from taking the position that the petition denying the second motion is a final, appealable order.

{¶ 9} This court's jurisdiction is limited to the review of final orders of lower courts. Section 3(B)(2), Article IV, Ohio Constitution. In the absence of a final, appealable order, this court must dismiss an appeal for lack of jurisdiction. Id. See also *Lava Landscaping, Inc. v. Rayco Mfg., Inc.* (Jan. 26, 2000), 9th Dist. No. 2930–M, 2000 WL 109108. "A judgment that 'does not dispose of all the claims between all the parties, and does not contain an express determination that there is no just reason for delay * * * is not a final, appealable order.'" *Edwards v. Vito Gironda Constr. Co.*, 9th Dist. No. 24322, 2008-Ohio-5974, 2008 WL 4927404, at ¶ 9, quoting *Davis v. Chrysler Corp.* (Apr. 12, 2000), 9th Dist. No. 19525, 2000 WL 372311. Whether this court has jurisdiction to review the trial court's denial of the petition for enlargement of the district is not affected by the

arguments made by the parties with respect to the motion to dismiss. R.C. 6115.41 states, "The board of directors of a sanitary district may appeal from any order of the court of common pleas made in any proceedings under such sections not requiring the intervention of a jury." Neither party has taken the position that it was necessary for a jury to make findings of fact before the trial court could issue an order ruling on the motion. Pursuant to R.C. 6115.41, the board of directors of the abatement district may appeal from the trial court's order denying the second petition for enlargement.

## MERITS

{¶ 10} We now turn to the merits of the abatement district's first and second assignments of error. In its first assignment of error, the abatement district contends that the trial court erred in ruling that R.C. 6115.31 through 6115.35 do not provide a mechanism for the enlargement of a sanitary district. In its second assignment of error, the abatement district contends that the trial court erred by applying the wrong standard of review in denying the second petition for enlargement. The abatement district's general position on appeal is that the trial court usurped the authority of the abatement district's board of directors and board of appraisers by incorrectly interpreting and applying the statutory framework in R.C. Chapter 6115. Specifically, the abatement district argues that the trial court mistook the R.C. 6115.32 hearing on costs and benefits for a hearing on whether to establish a sanitary district under R.C. 6115.05. The abatement district further asserts that after the determination to establish a sanitary district pursuant to R.C. 6115.05 was made by the trial court, the board of appraisers was responsible for making determinations regarding the inclusion or exclusion of land within the established district. The abatement district submits that the trial court, in ruling on a petition for the enlargement of a sanitary district pursuant to R.C. 6115.31 through 6115.35, is only to conduct a "cost v. benefit review" of the board of appraiser's recommendation.

{¶ 11} We address the abatement district's first and second assignments of error together, as both require interpretation of the statutory scheme that provides for the creation of a sanitary district pursuant to R.C. Chapter 6115. An appellate court's review of the interpretation and application of a statute is de novo. *Akron v. Frazier* (2001), 142 Ohio App.3d 718, 721, 756 N.E.2d 1258. An appellate court does not give deference to a trial court's determination in making its review. Id.

{¶ 12} In the order denying the second petition for enlargement, the trial court cited the Supreme Court of Ohio's decision in *Fisher v. Hasenjager*, 116 Ohio St.3d 53, 2007-Ohio-5589, 876 N.E.2d 546, for the proposition that statutory provisions must be construed together. Id. at ¶ 20. The trial court stated that

R.C. 6115.31 through 6115.35 deal with the role of the board of appraisers in the creation of a sanitary district and do not provide a mechanism for the enlargement of an existing sanitary district. The trial court also specifically found that the abatement district failed to establish that the proposed expansion was necessary for the public health, safety, comfort, convenience, or welfare.

{¶ 13} This court begins its review by briefly highlighting a number of the relevant statutory provisions in R.C. Chapter 6115. There is not a specific statutory provision that sets forth requirements for a petition to enlarge an existing sanitary district. The requirements for an initial petition to establish a sanitary district are set forth in R.C. 6115.05, which states:

> The petition shall set forth the proposed name of said district, the necessity for the proposed work and that it will be conducive to the public health, safety, comfort, convenience, or welfare, and a general description of the purpose of the contemplated improvement, and of the territory to be included in the proposed district.

{¶ 14} R.C. 6115.08 states:

> Any owner of real property in a proposed sanitary district who individually has not signed a petition under section 6115.05 of the Revised Code, and who wishes to object to the organization and incorporation of said district shall, on or before the date set for the cause to be heard, file his objections to the organization and incorporation of such district. Such objections shall be limited to a denial of the statements in the petition, and shall be heard by the court as an advanced case without unnecessary delay.

{¶ 15} Neither party is challenging whether there was a valid formation of a sanitary district pursuant to R.C. 6115.05 and 6115.08. R.C. 6115.16 states that "the board of directors of a sanitary district shall prepare a plan for the improvement for which the district was created." R.C. 6115.16 also sets forth the requirements for preparing the official plan. R.C. 6115.29 deals with the appointment of a sanitary district's board of appraisers. R.C. 6115.30 states that after the filing of the official plan with the secretary of the sanitary district, the board of appraisers "shall thereupon appraise the benefits of every kind to all real property or other property within the district, which will result from the organization of the district and the execution of the official plan." Pursuant to R.C. 6115.30, the board of directors shall also "appraise the benefits and damages accruing to municipal corporations, counties, townships, and other public corporations, as political entities, and to this state."

{¶ 16} R.C. 6115.31 states:

> If the board of appraisers of a sanitary district finds that lands or other property not embraced within the boundaries of the district will be affected by

the proposed improvement, or should be included in the district, it shall appraise the benefits and damages to such land or other property, and shall file notice in the court of the appraisal which it has made upon the lands or other property beyond the boundaries of the district, and to the land or other property which in its opinion should be included in the district. The board shall also report to the court any lands or other property which in its opinion should be eliminated from the district.

{¶ 17} R.C. 6115.32 states:

If the report of the board of appraisers of a sanitary district includes recommendations that other lands be included in the district, or that certain lands be excluded from the district, the clerk of the court before which the proceeding is pending shall give notice to the owners of such property by publication to be made as provided for a hearing on the petition for the creation of the district. Such notice to those owners whose lands are to be added to the district may be substantially as shown in division (D) of section 6115.79 of the Revised Code. The time and place of the hearing may be the same as those of the hearing on appraisals. To the owners of property to be excluded from the district it will be sufficient to notify them of that fact.

{¶ 18} R.C. 6115.33 sets forth the requirement for the board of appraisers in preparing a report of its findings. R.C. 6115.33 states that the board of appraisers "shall also report any other benefits or damages or any other matter which in its opinion should be brought to the attention of the court." R.C. 6115.33 further states that when the report is completed, it should be "deposited with the clerk of the court who shall file it in the original case." R.C. 6115.34 addresses the requirements for giving notice of the hearing on appraisals. R.C. 6115.35 outlines the procedure for the hearing on appraisals, as well as addressing exceptions to the appraisals which are filed.

{¶ 19} R.C. 6115.36 states:

If it appears to the satisfaction of the court after having heard and determined all the exceptions filed pursuant to section 6115.35 of the Revised Code, that the estimated cost of constructing or acquiring the improvement contemplated in the official plan is less than the benefits appraised, then the court shall approve and confirm the report of the board of appraisers of a sanitary district as modified and amended, and such findings and appraisals are final and incontestable. If the court finds that the estimated benefits appraised are less than the total costs of the execution of the official plan, exclusive of interest on any bonds issued to finance the official plan, or that the official plan is not suited to the requirements of the district, it may return the official plan to the board of directors of the sanitary district with the order for

it to prepare new or amended plans, or it may disorganize the district after having provided for the payment of all expenditures.

{¶ 20} As noted above, there is not a specific statutory provision that sets forth requirements for a petition for the enlargement of an existing sanitary district. R.C. 6115.30 requires the trial court to appraise the benefits and damages that will result from the organization of the district and the execution of the official plan. This appraisal includes an assessment of the benefits and damages accruing to municipal corporations, counties, townships, and other public corporations, as political entities. R.C. 6115.30. It is undisputed that R.C. 6115.31 requires the board of appraisers to assess the benefits and damages to land outside the district which it determines "will be affected" by the district or should be included in the district. The plain language of R.C. 6115.31 indicates that the appraisal of land outside the district, just as the appraisal that takes place pursuant to R.C. 6115.30, should take place prior to the trial court's approval and confirmation of the board of appraisers' report. R.C. 6115.32 requires the clerk of the court before which the proceeding is pending to "give notice to the owners of such property by publication to be made as provided for a hearing on the petition for the creation of the district." It is significant that R.C. 6115.32 further states that the hearing on the board of appraiser's recommendation for enlargement may be held at the same time and place as those hearings on appraisals. These statutory provisions are situated within the enumerated statutory requirements that must be met to establish a functioning sanitary district. R.C. 6115.36 states that if it appears to the satisfaction of the court after having heard and determined all the exceptions that the estimated costs of constructing or acquiring the improvement contemplated in the official plan is less than the benefits appraised, "the court shall approve and confirm the report of the board of appraisers of a sanitary district as modified and amended, and such findings and appraisals are final and incontestable."

{¶ 21} In this case, the trial court approved the original report of the board of appraisers on January 30, 2006. In its journal entry, the trial court addressed the statutory requirements set forth in R.C. 6115.33 through 6115.35. In its order denying the second petition for enlargement, the trial court correctly recognized that R.C. 6115.31 through 6115.35 do not, by themselves, provide a mechanism to enlarge a sanitary district after the trial court has approved and confirmed the report of the board of appraisers pursuant to R.C. 6115.36.

{¶ 22} Subsequent appraisals are governed by R.C. 6115.43, which states:

In case any real property within or without any sanitary district is benefited which for any reason was not appraised in the original proceedings, or was not appraised to the extent of benefits received, or in case any person, public corporation, or other district makes use of or profits by the works of any

district to a degree not compensated for in the original appraisal, or in case the board of directors of the sanitary district finds it necessary, subsequent to the time when the first appraisals are made, to take or damage any additional property, the board of directors, at any time that condition becomes evident, shall direct the board of appraisers of the sanitary district to appraise the benefits or enhanced benefits received by that property, or the damages or value of property taken. Proceedings outlined in sections 6115.01 to 6115.79 of the Revised Code for appraising lands not at first included within the boundaries of the district shall in all matters be conformed with, including notice to the parties, or the board of directors may make any suitable settlement with the person, public corporation, or other district for the use, benefit, damage, or property taken.

{¶ 23} Pursuant to R.C. 6115.43, the board of directors, in the event that any real property within or without any sanitary district is benefited that for any reason was not appraised in the original proceedings, shall direct the board of appraisers of the sanitary district to appraise the benefits or enhanced benefits received by that property or the damages or value of the property taken. This appraisal may take place at any time after the confirmation and approval the original report of the board of appraisers. The language in R.C. 6115.43 is specific to subsequent appraisals. The statute specifically states, "Proceedings outlined in sections 6115.01 to 6115.79 of the Revised Code for appraising lands not at first included within the boundaries of the district shall in all matters be conformed with * * *."

{¶ 24} It is a well-settled maxim of statutory interpretation that statutes should be construed to avoid unjust or absurd results. *State ex rel. Haines v. Rhodes* (1958), 168 Ohio St. 165, 5 O.O.2d 467, 151 N.E.2d 716, paragraph two of the syllabus. As discussed above, the statutes that deal with the appraisal scheme do not discuss the standard of review for a petition for enlargement of an existing sanitary district. The requirement in R.C. 6115.32 indicates that parties whose land may be added to the district are to be notified in the same manner as though a new sanitary district is being created. A review of the statutory framework suggests that a petitioner for enlargement of a sanitary district must, at a minimum, demonstrate that the expanding the district would benefit "the public health, safety, comfort, convenience, or welfare," as outlined in R.C. 6115.05. If the petitioners cannot satisfy this baseline requirement for the formation of a sanitary district set forth in R.C. 6115.05, then expansion would defeat the very purpose for which the statutory scheme was created. Furthermore, landowners in the area to be added to the district were not given notice and opportunity to file objections to the original petition for the formation of the mosquito-abatement district. Thus, those parties with an interest in the land to

be added to the district must be afforded the opportunity not only to file exceptions to the subsequent appraisal pursuant to R.C. 6115.35, but also to object to the proposition that there is a need for a mosquito-abatement district. Interpreting the statute otherwise would result in landowners having their property included within the boundaries of a sanitary district despite never having had an opportunity to challenge the statements in the original petition. The trial court, therefore, did not err in ruling that a petitioner to enlarge an existing sanitary district must show that the enlargement would benefit the public health, safety, comfort, convenience, or welfare of the community.

{¶ 25} The first and second assignments of error are overruled.

## ASSIGNMENT OF ERROR III

The trial court erred by hearing and considering testimony from non-property owner, the township of Coventry, during the R.C. 6115.35 hearing.

{¶ 26} In its third assignment of error, the abatement district argues that the trial court erred in considering testimony from the township during the R.C. 6115.35 hearing. This court disagrees.

{¶ 27} In support of their third assignment of error, the abatement district points to R.C. 6115.35, which states:

Any property owner may accept the appraisals in his favor of benefits and of damages and of lands to be taken made by the board of appraisers of a sanitary district, or may acquiesce in the board's failure to appraise damages in his favor, and shall be construed to have done so unless within ten days after the last publication provided for in Section 6115.34 of the Revised Code he files exceptions to said report or to any appraisal of either benefits or damages or of land to be taken which may be appropriated.

The abatement district contends that pursuant to R.C. 6115.35, only property owners are capable of challenging the board of appraisers' recommendation to enlarge a sanitary district. Therefore, according to the abatement district, local governments are not permitted to file exceptions to the board of appraisers' recommendation. The abatement district asserts that allowing the township to present testimony at the hearing constituted reversible error.

{¶ 28} The Fourth District Court of Appeals, in deciding who may object to the formation of a sanitary district pursuant to R.C. 6115.08, has held that a trial court is not prohibited from hearing other evidence relevant to the allegations in the petition. *In re Rocky Fork Lake Sanitary Dist.* (Aug. 25, 1998), 4th Dist. No. 98 CA 1, 1998 WL 548745. The Fourth District reached this conclusion despite the fact that the statute states that landowners who object to the formation of the district "shall be heard by the court." We find this reasoning persuasive in

interpreting R.C. 6115.35. The language in R.C. 6115.35, which permits property owners to submit exceptions to the appraisal, was not intended to exclude from the process other parties with an interest in the district, particularly municipal corporations, from challenging the findings of the board of appraisers with respect to expansion. R.C. 6115.79 contains suggested forms for providing notice of various proceedings authorized by the statute. The form of notice of enlargement of district is directed "To All Persons (and Public Corporations, if any) Interested." R.C. 6115.79(D). The suggested form further states that "the [trial court] will hear all persons and public corporations, who are owners of or interested in the property described in this notice upon the question whether the lands should be added to and included in the * * * Sanitary District." R.C 6115.79(D)(3). It is axiomatic that the municipal corporation within which the land that is the subject of the petition for enlargement had an interest in the proceeding. To hold otherwise would be to interpret R.C. 6115.35 in a manner that would prevent the trial court from hearing evidence relevant to the petition.

{¶ 29} The third assignment of error is overruled.

III

{¶ 30} The abatement district's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

WHITMORE, J., concurs.

BAIRD, J., concurs in judgment only.