LAWSON et al.; Grange Mutual Casualty Company, Appellant,

v.

TAYLOR, Appellee.

[Cite as *Lawson v. Taylor* (1995), 105 Ohio App.3d 191.]

Court of Appeals of Ohio,
Twelfth District, Brown County.

No. CA94–12–015.

Decided July 3, 1995.

*James W. Gustin* and *John E. Brehm, Jr.,* for appellant.

*Zachary Gottesman* and *Christopher A. Benintendi,* for appellee.

POWELL, Judge.

Supplemental plaintiff-appellant, Grange Mutual Casualty Company ("Grange"), appeals an order of the Brown County Court of Common Pleas granting the motion for attorney fees of defendant-appellee, Robert Taylor.

On November 13, 1991, plaintiffs, Anthony and Cindy Lawson, filed a complaint against Taylor seeking damages for injuries caused in an automobile accident which occurred on December 29, 1989. The complaint also sought damages from Lisa M. and Deborah K. Hensley for injuries caused in another automobile accident which occurred on January 7, 1990.[1] At the time of the accident between Lawson and Taylor, Taylor was insured by Grange under a policy that provided $100,000 in coverage. Grange retained James Hapner to defend Taylor.

As part of his representation of Taylor, Hapner filed a timely answer, deposed Mr. Lawson, obtained medical records to document Mr. Lawson's injury claims, employment records to determine Mr. Lawson's economic loss, if any, beyond medical expenses, and an independent medical evaluation of Mr. Lawson. All the foregoing information was conveyed to Grange. During the course of the litigation, Hapner told Taylor that settlement negotiations were under way. Hapner also discussed with Taylor the fact that a verdict in excess of Grange's policy limit could be rendered against Taylor. Hapner did not, however, think that this would occur.

The trial began on May 17, 1993.[2] On May 19, 1993, the jury returned a verdict of $110,000 in favor of plaintiffs of which $10,000 was for Mrs. Lawson's loss of consortium. A judgment against Taylor for $110,000 was filed on June 28, 1993. Taylor subsequently retained private counsel. On August 23, 1993, Grange paid the entire jury verdict into court. On November 26, 1993, Grange and Taylor filed a supplemental complaint against another of Taylor's automobile insurance carriers, Automobile Club of Michigan Insurance Group, for $10,000, that is, the amount of the verdict which exceeded the policy limit. On July 5,

---

1. Anthony and Cindy Lawson and Lisa M. and Deborah K. Hensley are not parties to this appeal.

2. By that time, Taylor was the only defendant, the Hensleys having settled.

1994, Taylor filed a motion against Grange for attorney fees incurred in protecting him from the verdict amount in excess of Grange's policy limits. Taylor argued that the excess amount was a direct result of Grange's bad faith refusal to settle with plaintiffs.

The trial court held a hearing on Taylor's motion for attorney fees on August 10, 1994. Hapner testified that up until the Friday before trial, plaintiffs were demanding $60,000 from both Taylor and the Hensleys. On that Friday, plaintiffs settled with the Hensleys' insurance carrier for $20,000. Hapner testified that, prior to that settlement, Grange had offered $25,000. Hapner further testified that on the morning of the trial, there was a discussion in the trial court's chamber as to whether Grange was entitled to credit for the plaintiffs' settlement with the Hensleys. At that point in time, Grange raised its offer to $40,000 but the plaintiffs raised their demand to about $80,000 without credit. On cross-examination, Hapner testified that based on employment records provided by Mr. Lawson's employer and which turned out to be inaccurate, Hapner was of the opinion that there was no evidence that Mr. Lawson had suffered economic loss as a result of the accident beyond his medical expenses. Hapner stated that the employment records appeared to show that Mr. Lawson was back at work within a month after his accident with Taylor.

Patrick Gregory, co-counsel for plaintiffs, also testified. Gregory stated that plaintiffs' first demand was made on June 30, 1991, for $45,000. In April 1993, plaintiffs demanded $85,000 from both Taylor and the Hensleys. Gregory testified that on April 19, 1993, Grange offered $15,000 and then indicated it might add $2,500. Gregory stated that at that point, the Hensleys' insurance carrier had offered $10,000. On April 27, 1993, plaintiffs demanded $27,500 against both Taylor and the Hensleys. On May 13, 1993, the Hensleys' insurance carrier offered $15,000; on the next day, $20,000. Gregory testified that on May 17 (the day of the trial), Grange offered $25,000. Plaintiffs responded that they would accept $72,500 minus the $20,000 paid by the Hensleys' insurance carrier. Gregory finally testified that during a break in the trial, Grange stated that it would not raise its offer unless plaintiffs' demand came down.

On November 9, 1994, the trial court granted Taylor's motion for attorney fees and ordered Grange to pay Taylor $3,999.14 in attorney fees. The trial court found that Grange's handling of Taylor's defense constituted bad faith.

Grange has timely filed this appeal and raises the following assignment of error:

"The trial court erred to the prejudice of supplemental plaintiff/appellant Grange Mutual Casualty Company by granting defendant/appellant Robert Taylor's motion for attorney's fees."

■ At the outset, we note that the trial court had jurisdiction to rule on Taylor's motion for attorney fees. The general rule in Ohio is that an award of attorney fees must be predicated on either statutory authorization or upon a finding of conduct which amounts to bad faith. *Vance v. Roedersheimer* (1992), 64 Ohio St.3d 552, 556, 597 N.E.2d 153, 156–157, citing *Sorin v. Warrensville Hts. School Dist. Bd. of Edn.* (1976), 46 Ohio St.2d 177, 75 O.O.2d 224, 347 N.E.2d 527. In the case at bar, there is no statutory authorization that would justify an award of attorney fees. However, the trial court found that Grange's handling of Taylor's defense constituted bad faith. Taylor's motion for attorney fees was thus properly before the trial court.

■ In reviewing a trial court's award of attorney fees, an appellate court will not substitute its judgment for that of the trial court unless the trial court's decision amounts to an abuse of discretion. See *Kemp, Schaeffer & Rowe Co., L.P.A. v. Frecker* (1990), 70 Ohio App.3d 493, 498, 591 N.E.2d 402, 405, citing *State ex rel. Fant v. Sykes* (1987), 29 Ohio St.3d 65, 29 OBR 446, 505 N.E.2d 966. An abuse of discretion is more than an error of law or judgment and implies that the trial court's decision is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 482, 450 N.E.2d 1140, 1142.

■ After reviewing the record, we find that the trial court abused its discretion in granting Taylor's motion for attorney fees. While the record shows a difference of opinion between Hapner and Gregory as to what kind of settlement demands and offers were made before and during the trial, all settlement demands and offers were below the Grange policy limits. The record also shows that for most of the settlement negotiations, and based on Mr. Lawson's employment records, Grange, through Hapner, was of the opinion that there was no evidence that Mr. Lawson had suffered economic loss beyond his medical expenses. Hapner testified that only during the trial itself did he learn that the information contained in the employment records was inaccurate. All the record shows is that Grange apparently miscalculated that the jury might view plaintiffs' claims to be worth more than $100,000. In light of the foregoing, we hold that the trial court abused its discretion in granting Taylor's motion for attorney fees. Grange's sole assignment of error is sustained. The judgment of the trial court is reversed.

*Judgment reversed.*

WALSH, P.J., and WILLIAM W. YOUNG, J., concur.