OHIO DEPARTMENT OF JOB AND FAMILY SERVICES, Appellee,

v.

TULTZ, Coexecutor of the Estate of Tultz, et al., Appellants.

[Cite as *Ohio Dept. of Job & Family Serv. v. Tultz,*
152 Ohio App.3d 405, 2003-Ohio-1597.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 21241.

Decided March 31, 2003.

Ronald J. Koehler, for appellants.

Jim Petro, Attorney General, Robert J. Byrne and Allison J. Lippman, Assistant Attorneys General; and Deidre A. Hanlon, for appellee.

WHITMORE, Judge.

{¶ 1} Defendants-appellants Gary J. Tultz and Sharon A. Bloomer, coexecutors of the estate of Ann M. Tultz, have appealed from an order of the Summit County Court of Common Pleas. The trial court granted judgment in favor of plaintiff-appellee Ohio Department of Job and Family Services on its action on the estate's rejection of its claim in probate, and on the executors' counterclaim

seeking an order declaring void a lien placed on real property that had passed through the estate. This court affirms.

## I

{¶ 2} John and Ann Tultz were husband and wife. From September 1998 until John's death in April 2000, the Ohio Department of Job and Family Services ("ODJFS") paid $74,613.41 out of Medicaid funds on behalf of John.

{¶ 3} Ann died in February 2001, and her estate included certain real estate appraised at $50,000. In September 2001, ODJFS recorded a lien against the real estate in the amount of $74,613.41 for recovery of the costs of services paid under Medicaid. ODJFS then filed a claim in that amount against Ann's estate; the estate rejected the claim.

{¶ 4} In January 2002, ODJFS filed the instant action on its claim pursuant to R.C. 2117.12, naming as defendants the estate's co-executors Gary Tultz and Sharon Bloomer ("executors"). ODJFS requested judgment against the estate in the amount of $74,613.41, plus interest and costs.

{¶ 5} The executors filed an answer and counterclaim, seeking an order declaring ODJFS's lien void and directing the Summit County Auditor to strike the lien from the records of Summit County. In their counterclaim, the executors alleged that the lien was not authorized by Ohio law because Ohio allows recovery of costs paid only after the lien is recorded, and the costs ODJFS was attempting to recover through the lien were paid *before* the lien was obtained.

{¶ 6} Following a pretrial conference, the parties agreed to submit all issues raised by the complaint and counterclaim to the court on stipulations of fact and briefs. The court thereafter entered judgment in favor of ODJFS on its complaint in the amount of $74,613.41. The court also entered judgment in favor of ODJFS on the executors' counterclaim, concluding that the lien filed by ODJFS was legal and valid.

{¶ 7} The executors have timely appealed, asserting two assignments of error.

## II

### Assignment of Error Number One

"The trial court wrongly decided that Ohio law permits estate recovery from the estate of the Medicaid recipient's former spouse."

{¶ 8} In their first assignment of error, the executors have argued that the trial court erred in determining that Ohio allows recovery of the costs of Medicaid services from the estate of the recipient's former spouse. The executors have

contended that Ohio law limits the source of such recovery to the recipient's estate.

{¶ 9} This court reviews de novo a trial court's interpretation and application of statutes. See *Akron v. Frazier* (2001), 142 Ohio App.3d 718, 721, 756 N.E.2d 1258, citing *State v. Sufronko* (1995), 105 Ohio App.3d 504, 506, 664 N.E.2d 596. Thus, we do not afford deference to the trial court's determination in conducting our review. *Frazier*, 142 Ohio App.3d at 721, 756 N.E.2d 1258.

{¶ 10} R.C. 5111.11 allows recovery by ODJFS of the costs of services correctly paid to Medicaid recipients and provides:

"For the purpose of recovering the cost of services correctly paid under the medical assistance program to a recipient age fifty-five or older, [ODJFS] shall institute an estate recovery program against the property and estates of medical assistance recipients to recover medical assistance correctly paid on their behalf to the extent that federal law and regulations permit the implementation of a program of that nature. The department shall seek to recover medical assistance correctly paid only after the recipient and the recipient's surviving spouse, if any, have died and only at a time when the recipient has no surviving child who is under age twenty-one or blind or permanently and totally disabled." R.C. 5111.11(B).

{¶ 11} R.C. 5111.111 authorizes ODJFS to file liens against property pursuant to the recovery program established by R.C. 5111.11, and provides:

"[ODJFS] may place a lien against the property of a medical assistance recipient or recipient's spouse * * * that the department may recover as part of the program instituted under [R.C. 5111.11]. When medical assistance is paid on behalf of any person in circumstances under which federal law and regulations and this section permit the imposition of a lien, the director of [ODJFS] or a person designated by the director may sign a certificate to the effect. * * * From the time of filing the certificate in the office of the county recorder, the lien attaches to all real property of the recipient or spouse described therein for all amounts of aid which thereafter are paid, and shall remain a lien until satisfied." R.C. 5111.111.

{¶ 12} The executors have argued that the language of R.C. 5111.11(B) limits ODJFS to recovery from the estate of the recipient of medical assistance, and does not authorize recovery from the estate of a recipient's deceased spouse. The executors have contended that Ohio law would have authorized ODJFS to place a lien on the property of John and Ann while John was still alive, but ODJFS is barred from placing a lien on property in Ann's estate after her death.

{¶ 13} R.C. 5111.11(B), however, prohibits ODJFS from seeking recovery of Medicaid costs until "after the recipient and the recipient's surviving spouse, if

any, have died[.]" The Ohio statute also limits ODJFS's institution of an estate recovery program "to the extent that federal law and regulations permit the implementation of a program of that nature." R.C. 5111.11(B). Under federal law, recovery "may be made only after the death of the individual's surviving spouse[.]" Section 1396p(b)(2), Title 42, U.S.Code.

{¶ 14} In addition, Ohio law limits ODJFS's imposition of liens for purposes of recovery to "circumstances under which federal law and regulations and this section permit the imposition of a lien[.]" R.C. 5111.111. Federal law prohibits imposition of a lien on property prior to the recipient's death, except under certain limited circumstances. Section 1396p(a)(1), Title 42, U.S.Code.

{¶ 15} The necessary consequence of the executors' position—that ODJFS can recover only from the estate of the recipient but cannot commence recovery until after the death of the surviving spouse—would be that recovery is precluded where the assets of the recipient's estate have been distributed and the estate closed. In other words, where the recipient is survived by a spouse, ODJFS would be able to recover only if the surviving spouse died while the recipient's estate was still open and subject to ODJFS's claim. Such an arbitrary condition for recovery is clearly at odds with the intent of the recovery program as contemplated by federal law and manifested by R.C. 5111.111, which permits the imposition of a lien on property of the recipient's spouse. As explained by the Minnesota Court of Appeals:

"[B]ecause both federal and state law allow recovery only after the death of an individual's surviving spouse, dual interests are served. One policy prevents the impoverishment of the surviving spouse during his or her lifetime. Once that spouse dies and the need for protection from impoverishment ceases, allowing a state to recover medical assistance benefits previously paid furthers the broader purpose of funding future services to the medically needy. These policies are both served by allowing the state to recover medical assistance benefits paid to or on behalf of a predeceased spouse from a surviving spouse's estate, to the extent the assets contained in that estate were jointly owned by the couple during their marriage." (Citations omitted.) *In re Estate of Jobe* (1999), 590 N.W.2d 162, 166.

{¶ 16} Given the stipulated facts in the case sub judice, we conclude that the trial court properly determined that ODJFS could pursue recovery from the property that had passed through Ann's estate. The executors' first assignment of error is not well taken.

### Assignment of Error Number Two

"The trial court wrongly decided that the ODJFS lien was valid when placed against the property that had been owned by the Medicaid recipient's surviving

spouse, despite the fact that the lien was placed after the death of the surviving spouse."

{¶ 17} In their second assignment of error, the executors have argued that the trial court erred by determining that the lien placed by ODJFS on property in Ann's estate was valid and enforceable. The executors have contended that the lien is invalid because it was placed after all medical assistance had been rendered to John, and after the deaths of both John and Ann.

{¶ 18} R.C. 5111.111 provides that ODJFS "may place a lien against the property of a medical assistance recipient or recipient's spouse[.]" The executors have pointed out that when ODJFS obtained its lien in the case at bar, the property belonged neither to the recipient John nor to the recipient's spouse Ann; rather, it had passed as an asset in Ann's estate.

{¶ 19} However, as discussed under the executors' first assignment of error, ODJFS may not pursue recovery until after the recipient and the recipient's spouse have died, and federal law restricts ODJFS's ability to file liens during the lifetime of the recipient. By definition and design, the "estate recovery program" established by R.C. 5111.11(B) authorizes ODJFS to pursue its claims against property in an estate after the death of the recipient's surviving spouse. We decline to construe R.C. 5111.11 and 5111.111 to provide that a surviving spouse's death severs ODJFS's access to recoverable assets, when ODJFS may pursue recovery only after the death of the surviving spouse. The alternative, ODJFS has pointed out, is that ODJFS would have to file a lien on the property of every Medicaid recipient and/or the recipient's spouse during their lifetimes as a prerequisite to any estate recovery. We do not find R.C. 5111.11 and 5111.111 susceptible of such a construction, given the severe burden this would place on ODJFS and federal limitations on ODJFS's ability to file liens during the recipient's lifetime.

{¶ 20} Finally, the executors have argued that ODJFS's lien is not enforceable for the amount of the judgment entered by the trial court because all medical assistance had been rendered to John before the lien was recorded. Relying on the language of R.C. 5111.111, the executors have contended that the lien authorized thereby allows recovery only of costs paid after the recording of the lien.

{¶ 21} R.C. 5111.111 provides:

"From the time of filing the certificate in the office of the county recorder, the lien attaches to all real property of the recipient or spouse described therein for all amounts of aid which thereafter are paid, and shall remain a lien until satisfied."

{¶ 22} While R.C. 5111.111 clearly provides that a lien filed by ODJFS includes claims for amounts paid after the lien has been recorded, we do not agree with the executors that such a lien is exclusively limited to claims for amounts paid after imposition of the lien. Such a construction would require ODJFS to file a lien on the property of every recipient before paying for any medical services in order to protect its interest. We have already rejected an interpretation that would impose such a requirement, due to the excessive burden that would be placed on ODJFS and because of federal restrictions on ODJFS's ability to file a lien during the lifetime of a recipient. Moreover, any postmortem lien filed in compliance with federal restrictions would have no value, because the costs of medical assistance would have been expended prior to the recipient's death.

{¶ 23} We conclude that the language authorizing a lien "for all amounts of aid which thereafter are paid" was intended to assist rather than to thwart the estate recovery program established by R.C. 5111.11 and 5111.111. By providing that a lien filed by ODJFS includes amounts of aid paid after the filing of the lien, the statutory scheme relieves ODJFS from the impracticable necessity of filing a new lien every time a distribution of Medicaid assistance is made to a recipient. Accordingly, we hold that R.C. 5111.111 provides for a continuing lien that includes claims for all monies paid before and after the date the lien is filed. The executors' second assignment of error is without merit.

### III

{¶ 24} The executors' assignments of error are overruled. The judgment of the trial court is affirmed.

Judgment affirmed.

SLABY, P.J., and BATCHELDER, J., concur.