[Cite as *Phillips v. McCarthy*, 2016-Ohio-2994.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

PREBLE COUNTY

| | | |
|---|---|---|
| AMY LEA PHILLIPS, et al., | : | |
| Plaintiffs-Appellants, | : | CASE NO. CA2015-08-017 |
| | : | O P I N I O N |
| - vs - | | 5/16/2016 |
| | : | |
| JOHN B. MCCARTHY, et al., | : | |
| Defendants-Appellees. | : | |

CIVIL APPEAL FROM PREBLE COUNTY COURT OF COMMON PLEAS
Case No. 13 CV 029855

Ralph J. Conrad, 33 Donald Drive, Suite 9, Fairfield, Ohio 45014, for plaintiffs-appellants, Amy Lea Phillips, Monika Kay Hesse and Linda Sue Blevins

R. Michael DeWine, Ohio Attorney General, Charles F. Geidner, Brent E. Rambo, 30 East Broad Street, Columbus, Ohio 43215 and Stanley R. Evans, 100 South Main Avenue, Courtview Center, Suite 102, Sidney, Ohio 45365, for defendants-appellees, John B. McCarthy and Ohio Department of Job & Family Services

**RINGLAND, J.**

{¶ 1} Plaintiffs-appellants, Amy Lea Phillips, Linda Sue Blevins, and Monika Kay Hesse, appeal a decision of the Preble County Court of Common Pleas denying their motion for summary judgment and awarding summary judgment to the State of Ohio Department of Job and Family Services and its director, John B. McCarthy. We affirm.

{¶ 2} This case involves state recovery of Medicaid benefits from a life estate held by Lawrence Hesse at the time of his death. The subject property is a farm located in Camden, Ohio. In a series of three conveyances executed in the mid-1980s, Hesse (hereinafter "the decedent") transferred his ownership interest in the farm to appellants, his three daughters. The final deed, dated in 1984, specifically reserved a life estate for the decedent in the remaining one-third portion of the property.

{¶ 3} Prior to his death in November 2010, the decedent resided in a nursing home and received Medicaid benefits for approximately one year. After his passing, the Ohio Department of Job and Family Services ("the Department") filed a lien against the subject property seeking repayment for the cost of Medicaid benefits disbursed on the decedent's behalf. To date, the agency has not yet undertaken any action to foreclose upon or otherwise execute the lien.

{¶ 4} In April 2013, appellants instituted a quiet title action against the Department. The parties filed cross motions for summary judgment on stipulated facts. In a decision rendered in July 2015, the trial court awarded summary judgment to the Department and dismissed the complaint with prejudice. This appeal followed.

{¶ 5} We review a trial court's decision on summary judgment de novo. *Messer v. Butler Cty. Bd. of Commrs.*, 12th Dist. Butler Nos. CA2008-12-209 and CA2009-01-004, 2009-Ohio-4462, ¶ 8. Summary judgment is proper when (1) there are no genuine issues of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) construing the evidence most strongly in the nonmoving party's favor, reasonable minds can reach but one conclusion adverse to that party. *Id.*; Civ.R. 56(C).

{¶ 6} Success on summary judgment lies for the party who sustains its burden of proof. Typically, the moving party bears the initial burden of informing the court of the basis for the motion and demonstrating the absence of any genuine issues of material fact.

*Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 1996-Ohio-107. In accordance with the parties' stipulation of facts, however, we accept the facts as undisputed and true. *Cunningham v. J. A. Myers Co.*, 176 Ohio St. 410, 414 (1964). Consequently, our review is limited to whether the Department was entitled to judgment as a matter of law. *Id.* We are mindful of these considerations in reviewing appellants' sole assignment of error.

{¶ 7} Assignment of Error No. 1:

{¶ 8} THE TRIAL COURT ERRED BY DENYING APPELLANTS' MOTION FOR SUMMARY JUDGMENT AND GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT.

{¶ 9} Pursuant to federal mandate, following the death of a Medicaid recipient, the state of Ohio is required to seek reimbursement for the costs of benefits correctly paid on behalf of that recipient during the recipient's lifetime. *In re Estate of Centorbi*, 129 Ohio St.3d 78, 2011-Ohio-2267, ¶ 26. *See also* 42 U.S.C. 1396a(a)(18) and 1396p; *Harris v. McRae*, 448 U.S. 297, 301, 100 S.Ct. 2671 (1980) (once a state elects to receive federal assistance to fund its Medicaid program, it must comply with the requirements of Title XIX to the federal Social Security Act, 42 U.S.C. 1396 et seq.).

{¶ 10} Initially, Ohio's Medicaid Estate Recovery Program permitted recoupment solely from assets within the decedent's probate estate. The statutory scheme governing the administration of Medicaid in Ohio has been revised and renumbered multiple times since the program's inception. For purposes of this opinion, we shall refer to the rules and regulations in effect when the decedent applied for and began receiving Medicaid assistance in 2009. *See, e.g.,* R.C. 5111.11 and 5111.111; Ohio Adm.Code 5101: 1-38-10. *Compare Pack v. Osborn*, 117 Ohio St.3d 14, 2008-Ohio-90, ¶ 14 (regarding inclusion of trust assets for determining Medicaid eligibility, the rules in effect at the time of the claimant's application govern rather than those in effect when the trust was created); *Rodefer v. Colbert*, 35 N.E.3d

852, 2015-Ohio-1982, ¶ 20, fn. 4 (2d Dist.) (concerning valuation of a life estate for purposes of Medicaid eligibility, the law in effect when claimant filed her application controls); *Admr., State Medicaid Estate Recovery Program v. Miracle*, 31 N.E.3d 658, 2015-Ohio-1516, ¶ 12 (4th Dist.) (holding that the application for and receipt of benefits subjected the decedent's assets to estate recovery under Ohio law).

{¶ 11} We now turn to the two issues advanced by appellants. First, appellants contend that the Department's lien effectively encumbered their remainder interests because the decedent's life estate extinguished upon his death by operation of law. Appellants challenge the timing of the lien, insisting that the Department was authorized to encumber the property only during the decedent's lifetime. This right of recovery, appellants insist, terminated along with the decedent's life estate upon his passing.

{¶ 12} Undoubtedly, at common law, a life estate interest extinguished upon the death of the measuring life. *See* Restatement of the Law 1st, Property, Sections 107 and 152 (1936). Nonetheless, state law may, and at times does, depart from common law. *See Osborn* at ¶ 12 ("It is a long-standing principle that no person has a vested right to the law remaining unchanged"). In 2005, The General Assembly amended the Medicaid Estate Recovery Program to broaden the definition of a recoverable "estate" under Ohio law:

> As used in this section [5111.11] and section 5111.111 of the Revised Code:
>
> "Estate" includes both of the following:
>
> (a) All real and personal property and other assets to be administered under Title XXI of the Revised Code and property that would be administered under that title if not for section 2113.03 or 2113.031 of the Revised Code;
>
> (b) Any other real and personal property and other assets in which an individual had any legal title or interest at the time of death (to the extent of the interest), including assets conveyed to a survivor, heir, or assign of the individual through joint tenancy, tenancy in common, survivorship, *life estate*, living trust, or other

- 4 -

arrangement.

R.C. 5111.11(A)(1). (Emphasis added.)

{¶ 13} In an effort to further supplant the common law principle of divestiture of certain interests upon death, the amended recovery statute defines "time of death" thusly:

> "Time of death" shall not be construed to mean a time after which a legal title or interest in real or personal property or other asset may pass by survivorship or other operation of law due to the death of the decedent or terminate by reason of the decedent's death.

R.C. 5111.11(A)(6). For purposes of Medicaid recovery, then, a recipient's life estate interest transcends physical death and is subject to posthumous encumbrance by state agency.

{¶ 14} Patently, by implementing the 2005 amendments, the General Assembly exhibited its intent to circumvent the longstanding tenet of common law relied upon by appellants. It is not necessary to arduously analyze the legislative intent or history underscoring the amendments, however, for the plain meaning of the revised text clearly renders life estates amenable to Medicaid recovery. *Hubbel v. Xenia*, 115 Ohio St.3d 77, 2007-Ohio-4839, ¶ 11. Indeed, the inclusion of the nebulous phrase "or other arrangements" at the close of R.C. 5111.11(A)(1)(b) suggests the legislature's resolve to vitiate any asylum previously accorded nonprobate assets in the face of Medicaid recovery. *See* Browning & Meyer, *H.B. 66 and Medicaid Recovery*, 16 Ohio Prob. L.J. 42 (2005) ("The new Ohio statute represents one of the most aggressive collection efforts in the nation").

{¶ 15} The Fourth Appellate District recently addressed this very issue in *Admr., State Medicaid Estate Recovery Program v. Miracle*, 31 N.E.3d 658, 2015-Ohio-1516 (4th Dist.). In that case, the state filed an action seeking to recover for Medicaid benefits disbursed on behalf of Doris Reed. *Id.* at ¶ 1. At the time of her death, Reed held a life estate in real property situated in West Virginia. *Id.* at ¶ 2. Applying West Virginia's narrower concept of estate recovery, the trial court dismissed the complaint. *Id.* at ¶ 6.

{¶ 16} On appeal, the Fourth District determined that Ohio law governed the case because Reed applied for and received Medicaid benefits in Ohio. *Id.* at ¶ 12. Analyzing an analogous version of the statute, the appellate court found that Ohio law defined a Medicaid recipient's estate to include interests in non-probate assets held at the time of death, including life estates. *Id.* at ¶ 16. In addition, the court upheld the state's right to file suit against the remaindermen of the real property subject to Reed's life estate. *Id.* at ¶ 20.

{¶ 17} In support of its decision, the Fourth District cited certain provisions of the Ohio Administrative Code construing the manner in which the recovery program was to be implemented. *Id.* The regulations require that a Medicaid recovery claim be served on the person responsible for the recipient's estate such as an executor, administrator, or the like. *Id.* Where no such person exists, a claim may be served on "any person who received or controls probate or non-probate assets inherited from the individual." *Id.* Because there had not been a probate estate opened in Ohio, the *Miracle* court concluded that the state could file a direct claim against the remaindermen. *Id.*

{¶ 18} We concur with the reasoning espoused by our sister court. Accordingly, we hold that, within the confines of Ohio's Medicaid Estate Recovery Program, a life estate interest held by a Medicaid recipient does not extinguish upon his or her death. Rather, for purposes of Medicaid recovery, a life estate interest endures post mortem and represents a quantifiable asset which the state may encumber by virtue of a properly filed lien. In the absence of a probate estate, the state may seek recovery of Medicaid benefits from third parties to whom qualifying assets have passed. Ohio Adm.Code 5101:1-38-10(E)(2)(a).

{¶ 19} Contrary to appellants' assertions, the Department is not typically authorized to encumber assets during a Medicaid recipient's lifetime. *Ohio Dept. of Job and Family Servs. v. Tultz*, 152 Ohio App.3d 405, 2003-Ohio-1597, ¶ 14 (9th Dist.). Absent certain exceptions not relevant here, the state must wait until the recipient dies to file a lien against property in

pursuit of Medicaid recovery. R.C. 5111.111(A). *See also Tultz* at ¶ 13-14.

{¶ 20} Next, appellants alternatively argue that, to the extent Ohio's recovery program authorizes the Department to encumber the property by filing a lien, the laws prescribing such action effect a taking of their property requiring just compensation.

{¶ 21} The takings clauses of the Fifth Amendment to the United States Constitution and Article I, Section 19 of the Ohio Constitution prohibit the state from taking private property for public use without just compensation. Different circumstances warrant different takings analyses. *See, e.g., State ex rel. Shelly Materials v. Clark Cty. Bd. of Commrs.*, 115 Ohio St.3d 337, 2007-Ohio-5022, ¶ 16-19. However, none are implicated by the facts of the case at bar.

{¶ 22} In its ruling in favor of the Department, the trial court found that "a Medicaid recipient's life estate interest in real property is separate and independent from the interest of the remaindermen [ ] in the property." We agree. The Department is not attempting to recover against the remainder interests held by appellants. Rather, the Department seeks to recover against the decedent's estate in general. The amount that is subject to recovery is limited to the value of the decedent's life estate, further preserving the notion that said interest is distinct from appellants' remainder interests.

{¶ 23} In the absence of a probate estate, the Department may recover against individuals to whom a deceased Medicaid recipient's assets have passed. *Miracle*, 2015-Ohio-1516 at ¶ 20. Otherwise, the state would be prevented from recovering against the value of a Medicaid recipient's life estate following the recipient's death. Such an interpretation would negate the broadened definition of a recoverable "estate" imposed by the 2005 amendments to the statutory scheme.

{¶ 24} Finally, the Department protests that appellants' reply brief raises a novel issue regarding whether the application of the 2005 amendments to encumber pre-existing

property interests violates constitutional prohibitions against retroactive laws. After thoroughly reviewing the record, we can find no assertion of this argument prior to the oblique reference in appellants' reply brief.

{¶ 25} It is beyond cavil that a party may not raise issues for the first time on appeal. *State ex rel. Gutierrez v. Trumbull Cty. Bd. of Elections*, 65 Ohio St.3d 175, 177 (1992). This principle precludes an appealing party from proffering new theories in a bid to secure reversal. *Webster v. G & J Kartway*, 12th Dist. Preble No. CA2005-06-011, 2006-Ohio-881, ¶ 25-26. Similarly, an appellant may not use a reply brief to inject new issues into the appeal. *State ex rel. Colvin v. Brunner*, 120 Ohio St.3d 110, 2008-Ohio-5041, ¶ 61. *See also* App.R. 16(C) and Loc. R. 11(A)(3). Therefore, any new arguments raised in appellants' reply brief are deemed waived and are not subject to review. Nor does this case involve exceptional circumstances of the sort that warrant a plain error analysis. *Walker v. Shondrick-Nau*, 7th Dist. Noble No. 13 NO 402, 2014-Ohio-1499, ¶ 56-57.

{¶ 26} After reviewing all arguments properly before this court, we find that the Department satisfied its burden on summary judgment. As stated, the facts are undisputed. Regarding the law, life estates are now vulnerable to Medicaid estate recovery in Ohio by operation of unambiguous statutory amendment. Furthermore, the Department's lien against the subject property does not amount to a taking in violation of constitutional prohibitions. Accordingly, the trial court did not err in awarding summary judgment to the Department and appellants' sole assignment of error is overruled.

{¶ 27} Judgment affirmed.

PIPER, P.J., and S. POWELL, J., concur.