[Cite as *Paeltz v. Paeltz*, 2022-Ohio-3964.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY


| | | |
|---|---|---|
| SANDRA R. PAELTZ, | : | |
| Appellee, | : | CASE NO. CA2022-05-031 |
| | : | O P I N I O N |
| - vs - | | 11/7/2022 |
| | : | |
| EARL COY PAELTZ, | : | |
| Appellant. | : | |


APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
DOMESTIC RELATIONS DIVISION
Case No. 19DR40910


Moskowitz & Moskowitz, LLC, and James H. Moskowitz, for appellee.

Robbins, Kelly, Patterson & Tucker, L.P.A., and Barry A. Spaeth, for appellant.


**PIPER, P.J.**

{¶1} Appellant, Earl Paeltz ("Father"), appeals from a decision of the Warren County Court of Common Pleas, Domestic Relations Division, following a postdecree petition involving his divorce from appellee, Sandra Paeltz ("Mother").

{¶2} Mother and Father divorced in 2019. At the time of their divorce, they had been married approximately 14 years and had two minor children, one born March 3, 2007, and the other born August 10, 2009. The parties entered into a shared parenting plan

regarding the care of their children. The parties also entered into a separation agreement settling and providing for the division of all property and marital obligations. At the time, Father had income of $215,000 per year and Mother had income of $123,364 per year. The parties agreed there would be no child support.[1] The trial court entered a final decree of divorce on July 9, 2019.

{¶3} On November 16, 2020, Mother filed a petition for an ex-parte civil protection order against Father for the benefit of the minor children due to an altercation between Father and the older child. The ex-parte order was granted and set for a full hearing on December 23, 2020.

{¶4} Prior to the full hearing, Father filed a motion to modify the shared parenting plan. Father alleged that Mother was not supportive when it came to disciplining the children. He further stated that his attempts to discipline his older child resulted in Mother filing the ex-parte order against him.

{¶5} In response, Mother filed a motion to reallocate parental rights and sought to terminate the shared parenting plan or otherwise modify the parenting time schedule. Mother alleged that Father had been in a physical altercation with the older child and was physically and emotionally abusive with the children.

{¶6} The record shows that Mother's request for a civil protection order on behalf of the children was denied. However, Father's motion to modify the shared parenting plan and Mother's motion to reallocate parental rights and terminate the shared parenting plan continued with both parties filing additional motions. Eventually, the court held hearings on Father's request for a more routine schedule with the children, coparenting classes, and

---

1. The parties' separation agreement provided that if Wife were to receive child support from Husband, the amount would be, essentially, offset with an award that Wife pay Husband spousal support up to a defined annual income level.

family counseling, in addition to Mother's request to terminate the shared parenting plan.

{¶7} In the hearings held on August 12, 2021, and October 5, 2021, the parties presented testimony concerning the strained relationship between Father and the children. The testimony included allegations of excessive discipline or physicality, including at least one instance in which the police were called. In addition, Mother testified that Father has not paid any of the children's expenses since November of 2020.[2] She also testified that Father informed her that he was going to switch his (and the children's) health insurance plan to a high deductible plan so that she will incur additional expenses. Mother stated that since she cannot seek child support from Father, she was requesting that Father be responsible for the children's uncovered health care expenses.

{¶8} Father testified that he agreed to pay more marital debt in the separation agreement in exchange for the zero child support order. Father disagreed with Mother's testimony concerning his motivations for switching to a high deductible insurance plan. Although he recognized that a switch would disadvantage Mother, he stated that his motivation was not purely "so she gets stuck." Father stated that the reason for the switch was because he and the children do not have many medical bills and thought the switch would financially benefit himself to "catch up" for the sacrifices he made in the divorce.

{¶9} The record shows that Mother is employed at Cigna as a pharmacist working forty hours per week for $108,160 per year. Father is employed in sales at PTC, Inc. where he has a base salary of $111,750.08 per year, plus commissions and bonuses. Averaging his income from 2018-2020, the magistrate found Father earns $279,832.08 per year.

{¶10} The magistrate's decision was issued on November 10, 2021. The magistrate found it was in the children's best interest to terminate the shared parenting plan and name

---

2. Mother testified at the October 5, 2021, hearing that Father had not paid any child related expenses since the filing of the protection order.

Mother the residential parent and legal custodian of the children. Father was provided parenting time, but it was less than the amount previously agreed upon in the shared parenting agreement. The magistrate found Father should continue to have a zero child support order based upon its understanding of the parties' separation agreement and also because it was going to make him responsible for the children's expenses. In pertinent part the court stated:

> Based on Father not paying child support, this Magistrate finds effective December 16, 2020, it is in the children's best interest for Father to be responsible for 100% of the children's expenses, including but not limited to school fees including uniform fees and equipment, haircuts, clothing, monthly cell phone bill, driver's education class, car insurance, AP fees, and testing fees.

**{¶11}** On November 12, 2021, Father filed a general objection to the magistrate's decision. While Father had previously been represented by counsel, he filed this general objection pro se. Mother filed a motion to dismiss the objection for lack of specificity. On March 21, 2022, Father filed several pages in the form of a letter addressed to the trial court stating reasons why he disagreed with the magistrate's decision.[3] The record shows the parties appeared for a hearing on Father's general objection, however, the transcript of that proceeding was not filed for consideration by this court. On April 11, 2022, the trial court granted Mother's motion to dismiss the objection for lack of specificity, overruled Father's objection, and adopted the magistrate's decision. Father now appeals, raising the following assignment of error for review:

**{¶12}** THE WARREN COUNTY, OHIO DOMESTIC RELATIONS COURT ABUSED ITS DISCRETION WHEN IT RULED THAT APPELLANT FATHER MUST PAY ALL THE CHILDREN'S UNCOVERED HEALTH CARE, SCHOOL AND ACTIVITY EXPENSES.

---

3. Handwritten in the top margin of the first page is the case name, case number, and the word "Objection."

{¶13} In his sole assignment of error, Father argues the trial court erred by ordering him to pay for the children's uncovered health care, school, and activity expenses.

{¶14} Civ.R. 53(D)(3)(b)(ii) provides that "an objection to a magistrate's decision shall be specific and state with particularity all grounds for objection." Should a party fail to properly object, that party has waived the right of appeal except for plain error. Civ.R. 53(D)(3)(b)(iv); *Roberts v. Roberts*, 12th Dist. Clinton Nos. CA2012-07-015 and CA2012-07-016, 2013-Ohio-1733, ¶ 19; *Mustard v. Mustard*, 12th Dist. Warren Nos. CA2009-06-078 and CA2009-09-118, 2010-Ohio-2175, ¶ 28.

{¶15} In response to the magistrate's decision, Father filed a general objection to the trial court. It stated that the magistrate's decision was "arbitrary, capricious, and was against the manifest weight of the evidence." Father further stated that "the Magistrate's decision was an abuse of discretion, made erroneous findings of fact, and was not in the minor children's best interests, and erroneously penalized Father financially because of the parties prior agreed upon divorce settlement proceedings."

{¶16} The trial court dismissed Father's objection for not filing a "specific, proper objection that is required by law." However, the trial court stated that Father's objection would have been without merit even if he had filed a proper objection. Apparently, through discussions with the court at the hearing on Father's general objection, Father advised that his "principal objection is to the requirement that he pay a laundry list of expenses for the boys in lieu of support, which he regards as essentially a 'blank check' that could ruin him financially." In its entry, the trial court noted that Mother had been sending Father a list of expenses totaling approximately $500 per month. Considering the record before it, the trial court found Father's objection would have been without merit.

{¶17} In his appellate brief, Father does not address the trial court's decision granting Mother's motion to dismiss the general objection. He argues the trial court's

decision ordering him to pay the children's expenses was an abuse of discretion and maintains, among other things, that the magistrate made no factual findings to support the change. Mother responded by raising the relevant procedural history and arguing that Father's assignment of error was limited to plain error review. In his reply brief, Father argued that the letter he filed four months after his general objection should be considered his supplemental objection.[4] He further argues that even if this case was limited to plain error review, it would indeed amount to plain error.

{¶18} We find Father's argument is without merit. It is well established that any new arguments raised in appellants' reply brief are deemed waived and are not subject to review. *Phillips v. McCarthy*, 12th Dist. Preble No. CA2015-08-017, 2016-Ohio-2994, ¶ 25. Father chose not to argue that the trial court erred by dismissing his general objection based upon lack of specificity. Father claims that the letter is a supplemental objection to his general objection. However, since the trial court dismissed Father's objection based upon lack of specificity and Father failed to contest that finding in his opening brief, this court's review is limited to plain error, which is not readily invoked in civil cases. *Roberts*, 2013-Ohio-1733 at ¶ 19; *New Holland v. Murphy*, 4th Dist. Pickaway No. 19CA32, 2021-Ohio-2671, ¶ 22-23. Moreover, although he claims these issues were raised and argued before the trial court, Father failed to include a transcript of that proceeding in this appeal. *Dasilva v. Dasilva*, 12th Dist. Butler No. CA2018-08-172, 2019-Ohio-2787, ¶ 4 (appellant has the burden to order a written transcript for this court to use in our review of the lower court's decision). When the portions of a transcript necessary for resolution of assigned errors are omitted from the record, a reviewing court has nothing to pass upon and thus the court has no choice but to presume the regularity of the lower court's proceedings and affirm. *Id.*

---

4. Father does refer to his March 21 letter as his "supplemental objection," but does not raise any argument concerning the dismissal of his specific objection until his reply brief.

Therefore, for the reasons addressed above and because the trial court did not err, let alone commit plain error, we find Father's arguments are without merit.

{¶19} Nevertheless, we agree with the trial court's analysis that even if Father had specifically raised this objection, it would be without merit. In the case sub judice, the parties had shared parenting of the children. However, the trial court terminated the shared parenting plan following the final hearings. The magistrate found Mother had a salary of $108,160 per year while Father had earnings of $279,832.08 per year. Despite terminating the shared parenting plan and naming Mother as the residential parent and custodian of the children, the magistrate did not award Mother child support. Rather, the magistrate considered the parties' separation agreement and also noted that Father was going to be responsible for the children's expenses.

{¶20} Although Father claims that the separation agreement and shared parenting plan prohibit the trial court from reallocating responsibility for child-related expenses, review of the relevant documents reveals that argument is misguided. While the terms of the agreements set Father's child support obligation at zero, it clearly includes provisions for the financial support of the children. The language of the shared parenting plan and the separation agreement include language that contemplates a future modification of the financial provisions related to the children. As stated in the shared parenting plan:

> The parties acknowledge that this Plan may be modified either by written agreement of the parties, or by Order of this Court. Each party acknowledges and understands that she or he has the right to seek modification of this Plan by appropriate Motion to this Court.

The Divorce Decree further provides:

> In the event that the Shared Parenting Plan is terminated, all financial agreements set forth in the plan shall survive the termination of the plan until and unless the Court modifies said provisions.

**{¶21}** Consistent with their original agreement, the shared parenting plan at issue was terminated and Mother was named the residential parent and sole custodian. While Father complains about his obligation to pay child-related expenses, he ignores the fact that the prior order was terminated, and the circumstances are very different from the time of the original divorce decree. Father earns a significant income, does not pay child support, and has a much more limited parenting schedule with his children. The trial court indicated that Mother provided a list of child-related expenses totaling approximately $500 per month. Following review, we find this would not amount to an abuse of discretion. Father's sole assignment of error is overruled.

**{¶22}** Judgment affirmed.

S. POWELL and BYRNE, J., concur.