[Cite as *Sawyer v. Raney*, 2024-Ohio-690.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| CHRISTINA SUZANNE SAWYER fka CHRISTINA SUZANNE RANEY, | : | |
| | : | CASE NO. CA2023-07-079 |
| Appellee and Cross-Appellant, | : | |
| | : | O P I N I O N 2/26/2024 |
| - vs - | : | |
| | : | |
| LEWIS SPENCER RANEY, | : | |
| Appellant and Cross-Appellee. | : | |


CIVIL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
DOMESTIC RELATIONS DIVISION
Case No. DR20020156


Thomas G. Eagle, for appellee and cross-appellant.

Mark W. Raines, for appellant and cross-appellee.



**S. POWELL, P.J.**

{¶ 1} Appellant and cross-appellee, Lewis Spencer Raney ("Husband"), appeals the decision of the Butler County Court of Common Pleas, Domestic Relations Division, dismissing his motion to modify spousal support. Appellee and cross-appellant, Christina Suzanne Sawyer fka Christina Suzanne Raney ("Wife"), also appeals challenging the domestic relations court's decision denying her motion for attorney fees. For the reasons outlined below, we affirm the domestic relations court's decision in both respects.

**Facts and Procedural History**

{¶ 2}   On July 3, 2011, Husband and Wife were married in Middletown, Butler County, Ohio.  There were no children born issue of the marriage.  Husband and Wife thereafter separated on July 1, 2018.  On February 21, 2020, Husband and Wife filed a petition for dissolution of their marriage.  The petition included an attached separation agreement.  The separation agreement provided that neither Husband nor Wife would pay spousal support to the other.  The separation agreement also provided that the domestic relations court would not retain jurisdiction over the issue of spousal support.

{¶ 3}   On July 22, 2020, the domestic relations court held a hearing on the matter. During this hearing, Husband and Wife submitted an amended separation agreement to the domestic relations court.  The amended separation agreement provided the following as it relates to spousal support:

B.  Spousal Support Awarded
☑ _Christina Raney_ (name) ☐ _Lewis Raney_
(Spouse's name) shall pay spousal support to _Christina Raney_
(Spouse's name) in the amount of $ _2100.00_ per month plus 2%
processing charge for a total of $ _2142.00_ per month, commencing on
_8/1/20_ and due on the _____ day of the month.  This spousal support
shall continue ☐ indefinitely ☒ for a period of _10 years_.

{¶ 4}   The amended separation agreement also provided that spousal support was unconditional and would not terminate for any reason during those ten years, including Wife's cohabitation or remarriage.  The amended separation agreement further provided that the domestic relations court would not retain jurisdiction over the issue of spousal support.  The domestic relations court later modified the parties' amended separation agreement, with the consent of both parties, to include a general reservation of jurisdiction over spousal support.  However, although noting that it would make a general reservation of jurisdiction over spousal support, the domestic relations court's reservation did not affirmatively state whether that reservation was over "the amount or

- 2 -

terms of * * * spousal support" as required by R.C. 3105.18(E)(2).

{¶ 5}   On July 23, 2020, the domestic relations court filed a decree granting the dissolution of Husband and Wife's marriage.  Within that decree, the domestic relations court noted that it had approved and was incorporating into its decree both the parties' original and amended separation agreements.  Approximately two years later, on June 3, 2022, Husband filed a motion requesting the domestic relations court terminate Wife's spousal support given that Wife had since remarried.[1]  Wife responded on November 2, 2022 by filing a motion to dismiss.  Wife also filed a request that Husband pay her attorney fees.

{¶ 6}   To support her motion to dismiss, Wife argued that the domestic relations court lacked jurisdiction to modify or terminate spousal support in accordance with R.C. 3105.18(E)(2).  Pursuant to that statute, for dissolution of marriage actions that are determined on or after January 1, 1991, such as the case here with the dissolution of Husband's and Wife's marriage:

> the court that enters the decree of divorce or dissolution of marriage does not have jurisdiction to modify the amount or terms of the alimony or spousal support unless the court determines that the circumstances of either party have changed and * * * the separation agreement that is approved by the court and incorporated into the decree contains a provision specifically authorizing the court to modify the amount or terms of alimony or spousal support.

{¶ 7}   On March 24, 2023, a domestic relations court magistrate issued a decision dismissing Husband's motion to modify spousal support and denying Wife's request that Husband pay her attorney fees.  In so holding, the magistrate stated, in pertinent part, the following:

> Each of the agreements and documents standing on their own

---

1. The record indicates that Wife remarried on September 4, 2020, approximately two years prior to when Husband filed his motion to modify spousal support at issue in this case.

is clear and unambiguous; however, they conflict with others. * * * Based upon the conflict in and between the relevant documents, the magistrate relies on the court's limited jurisdiction in dissolution cases and resolves the issue pursuant to the directive in R.C. 3105.18(E) requires a specific provision.

There is nothing specific in the [parties' original and amended separation agreements] and nothing in the records which is more persuasive, or which persuasively suggests that one provision/version should be followed over the other. Therefore, the [parties' amended separation agreement] does not meet the statutory requirement for the court to possess continuing jurisdiction to modify the spousal support award.

{¶ 8} The magistrate thereafter concluded by stating:

It is clear from the briefs submitted and the procedural posture of this case that the parties' intention was for [Husband] to pay [Wife] $2100.00 for ten (10) years and for the court not to retain jurisdiction on the issue of spousal support.

As such [Wife's] Motion to Dismiss is *GRANTED*. [Husband's] Motion to Modify Spousal Support is *DENIED*.

(Emphasis sic.)

{¶ 9} On April 4, 2023, Husband filed an objection to the magistrate's decision. To support his objection, Husband argued the magistrate's decision to dismiss his motion to modify spousal support was against the manifest weight of the evidence. Husband also argued that, as a court of equity, the facts of this case required the domestic relations court to "step in and right this wrong." The following day, on April 5, 2023, Wife filed her own objection to the magistrate's decision to deny her request that Husband pay her attorney fees. To support her objection, Wife argued that her "claim for attorney fees should have been preserved, and granted," given that she had been "subjected to litigation over a motion [Husband] filed that the court has no jurisdiction to even consider."

{¶ 10} On June 15, 2023, the domestic relations court issued a decision affirming the magistrate's decision in its entirety. In so holding, the domestic relations court noted

- 4 -

that, after a full and complete review of the record, it was "not persuaded by arguments in opposition" to the magistrate's decision raised by either Husband or Wife. The domestic relations court instead found the magistrate's decision was "complete and based on sound reasoning." Husband filed a notice of appeal from the domestic relations court's decision on July 11, 2023. Wife filed a notice of cross-appeal on July 20, 2023. Oral argument was thereafter held before this court on January 16, 2024. Husband's appeal and Wife's cross-appeal now properly before this court for decision, Husband and Wife have collectively raised three assignments of error for review.

**Husband's Assignment of Error No. 1:**

{¶ 11} THE TRIAL COURT ERRED WHEN IT DISMISSED APPELLANT'S MOTION TO MODIFY SPOUSAL SUPPORT BECAUSE DESPITE THE CLERICAL ERROR IN THE SEPARATION AGREEMENT, THE COURT RETAINED JURISDICTION OVER THE TERM AND DURATION OF SPOUSAL SUPPORT.

{¶ 12} In his first assignment of error, Husband argues the domestic relations court erred by dismissing his motion to modify spousal support. To support this claim, Husband argues that it was improper for the domestic relations court to find it lacked jurisdiction to modify spousal support in accordance with R.C. 3105.18(E)(2) upon the court finding it had not affirmatively reserved jurisdiction over "the amount or terms of * * * spousal support" within its decree of dissolution. To this, Wife responds by noting that Husband never raised this as an objection to the magistrate's decision issued on March 24, 2023. The record supports Wife's claim. Therefore, by not raising this issue as part of his objections to the magistrate's decision, Husband has waived all but plain error on appeal. "Should a party fail to properly object [to a magistrate's decision], that party has waived the right of appeal except for plain error." *Paeltz v. Paeltz*, 12th Dist. Warren No. CA2022-05-031, 2022-Ohio-3964, ¶ 14; *see, e.g., Koehler v. Koehler*, 12th Dist. Brown Nos.

CA2017-12-016 and CA2017-12-017, 2018-Ohio-4933, ¶ 62 (appellant waived all but plain error on appeal where he did not object to a magistrate's decision).

{¶ 13} However, even if Husband had properly raised the issue in his objection to the magistrate's decision, we would still find no error, plain or otherwise, in the domestic relation court's decision to dismiss Husband's motion to modify spousal support. This is because, just as the domestic relations court found, Husband and Wife's amended separation agreement does not meet the statutory requirements set forth in R.C. 3105.18(E)(2) for the domestic relations court to possess continuing jurisdiction to modify spousal support in this case. This is also because, given the record properly before this court, Husband and Wife simply never intended the domestic relations court to possess continuing jurisdiction to modify their agreed upon spousal support award. This includes either "the amount or terms of * * * spousal support" as required by R.C. 3105.18(E)(2). Husband and Wife instead clearly intended for Husband to pay Wife monthly spousal support in the amount of $2,100 for a period of ten years, irrespective of any change in circumstances that may occur, including Wife's remarriage. Consequently, seeing as Husband's and Wife's intentions were clear, the domestic relations court did not err by dismissing Husband's motion to modify spousal support. Therefore, finding no error in the domestic relations court's decision, Husband's first assignment of error lacks merit and is overruled.

**Husband's Assignment of Error No. 2:**

{¶ 14} THE TRIAL COURT ERRED WHEN IT FOUND THE DISSOLUTION WAS ENFORCEABLE BECAUSE EVEN WITH THE CONSENT OF THE PARTIES THE TRIAL COURT DID NOT HAVE AUTHORITY TO ADD TERMS TO THE AMENDED SEPARATION AGREEMENT.

{¶ 15} In his second assignment of error, Husband argues the domestic relations

court erred by finding that, pursuant to R.C. 3106.65(B), the domestic relations court could, "with consent of the parties," propose and subsequently amend a term in his and Wife's original separation agreement. Husband argues that, rather than the domestic relations court, only he and Wife could propose an amendment to that agreement. The domestic relations court found this issue moot given that such a challenge should have been raised in an appeal from the decree of dissolution filed on July 23, 2020. Within his appellate brief, Husband notes his agreement "with the trial court's assertion that the issue is moot as the time for appeal would have been in the thirty days after the filing of the Decree of Dissolution." Nevertheless, although agreeing with the domestic relations court's decision, Husband has decided to raise the issue now, in this appeal, "to clarify the remedy" should this court find "the issue is not moot and was appropriately raised." This court, however, agrees with the domestic relations court's decision finding Husband's challenge should have been raised in an appeal from the court's decree of dissolution filed on July 23, 2020, thereby rendering the issue moot and we need not consider Husband's second assignment of error.

**Wife's Cross-Assignment of Error No. 1:**

{¶ 16} THE TRIAL COURT ERRED IN DISMISSING WIFE'S MOTION FOR ATTORNEY FEES.

{¶ 17} In her single cross-assignment of error, Wife argues the domestic relations court erred by denying her motion for attorney fees, or, at the very least, by not first holding a hearing on the matter. We disagree with both of Wife's claims.

{¶ 18} Pursuant to R.C. 3105.73(B), in any post-decree motion or proceeding that arises out of an action for divorce, dissolution, legal separation, or annulment of a marriage, a domestic relations court is authorized to "award all or part of reasonable attorney's fees and litigation expenses to either party if the court finds the award

- 7 -

equitable." Thus, "[b]ased upon the plain language of R.C. 3105.73(B), the main consideration in awarding attorney fees under this section is whether the court finds such an award 'equitable.'" *Lykins v. Lykins*, 12th Dist. Clermont No. CA2022-07-034, 2023-Ohio-4469, ¶ 68. "In determining whether such an award is equitable, the domestic relations court 'may consider the parties' income, the conduct of the parties, and any other relevant factors the court deems appropriate, but it may not consider the parties' assets.'" *Jestice v. Jestice*, 12th Dist. Butler No. CA2023-07-072, 2024-Ohio-122, ¶ 30, quoting R.C. 3105.73(B). However, although statutorily authorized to do so, the domestic relations court is not obligated to make such an award in every case. *Davis v. Davis*, 6th Dist. Wood No. WD-15-028, 2016-Ohio-1388, ¶ 31.

{¶ 19} The decision instead rests within the domestic relations court's sound discretion. *Theurer v. Foster-Theurer*, 12th Dist. Warren Nos. CA2008-06-074 and CA2008-06-083, 2009-Ohio-1457, ¶ 57. This necessarily means that the domestic relations court's "decision to award attorney fees will be reversed only if it amounts to an abuse of discretion." *Coomes v. Coomes*, 12th Dist. Clermont No. CA2019-10-076, 2020-Ohio-3839, ¶ 12. "An abuse of discretion is more than an error of law; it implies that the trial court acted unreasonably, arbitrarily, or unconscionably." *Combs v. Ellington*, 12th Dist. Butler CA2022-01-001, 2022-Ohio-3514, ¶ 18, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). "The vast majority of cases in which an abuse of discretion is asserted involve claims that the decision is unreasonable." *Bonifield v. Bonifield*, 12th Dist. Butler No. CA2020-02-022, 2021-Ohio-95, ¶ 11. "A decision is 'unreasonable' when there is no sound reasoning process to support it." *Vaughn v. Vaughn*, 12th Dist. Warren No. CA2007-02-021, 2007-Ohio-6569, ¶ 12.

{¶ 20} Wife argues the domestic relations court abused its discretion by denying her motion for attorney fees because she "had her spousal support withheld from her that

Husband agreed to pay, and subjected [her] to litigation over a motion he filed that the court had no jurisdiction to even consider." Wife also argues the domestic relations court erred by denying her motion for attorney fees because she "had to go to extraordinary lengths to protect and preserve her support order and property division and reinstate the spousal support." However, while we can certainly understand why Wife would disagree with the domestic relations court's decision, the domestic relations court determined that ordering Husband to pay Wife's attorney fees would be inequitable given the confusion between the parties' original and amended separation agreements as to whether the court would retain jurisdiction over spousal support. The domestic relations court's decision, to the extent that it found ordering Husband to pay attorney fees to Wife would be inequitable, does not amount to an abuse of discretion. That is to say, given the facts and circumstances of this case, the domestic relations court's decision to deny Wife's motion for attorney fees was not unreasonable, arbitrary, or unconscionable.

{¶ 21} The same holds true for the domestic relations court's decision not to first hold a hearing on the matter. This is because, similar to the domestic relations court's decision to deny Wife's motion for attorney fees, the trial court's decision not to first hold a hearing on the matter was also not unreasonable, arbitrary, or unconscionable under the facts of this case. This is particularly true here when considering the record was already established as it relates to the question of whether ordering Husband to pay Wife attorney fees would, or would not, be equitable in this case. This remains true even if this court would have granted Wife's motion for attorney fees for it is well established that, absent an abuse of discretion, this court must not substitute its judgment for that of the domestic relations court under these circumstances. *See Lawson v. Taylor*, 105 Ohio App.3d 191, 194 (12th Dist.1995) ("[i]n reviewing a trial court's award of attorney fees, an appellate court will not substitute its judgment for that of the trial court unless the trial

court's decision amounts to an abuse of discretion").  Therefore, given the record in this case, Wife's arguments challenging the domestic relations court's decision to deny her motion for attorney fees without first holding a hearing lacks merit.  Accordingly, finding no merit to either of the arguments raised by Wife herein, Wife's single cross-assignment of error lacks merit and is overruled.

## Conclusion

{¶ 22} For the reasons outlined above, and finding no merit to any of the arguments raised herein by either Husband or Wife in support of their respective assignment(s) of error, both Husband's appeal from the domestic relations court's decision dismissing his motion to modify spousal support, and Wife's appeal challenging the domestic relations court's decision denying her motion for attorney fees, are denied.

{¶ 23} Judgment affirmed.

M. POWELL and BYRNE, JJ., concur.